BAKER, Respondent, vs. BOHNERT, Appellant.

*September 17.—October 6, 1914.*

*Appealable orders: Receivers: Appointment.*

1. An order confirming the report of a referee is not appealable.
2. In an action by the lessor of a farm for cancellation of the
   lease, for appointment of a receiver, and for an accounting, a
   receiver was properly appointed under sub. 1, sec. 2787, Stats.,
   upon a showing of substantial breaches of the agreement on
   the part of the defendant, such as selling live stock and grain
   without the knowledge or consent of the plaintiff, threatening
   violence to the plaintiff and thereby preventing him from en-
   tering upon the leased premises; and that the relations of the
   parties were so strained that it was not possible for them to
   carry out the terms of the lease as to the division of the prod-
   uce and increase of stock.

APPEAL from an order of the circuit court for Marquette
county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

On December 15, 1911, plaintiff leased for five years a
large farm to defendant. The lease provided, among other
things, that plaintiff should leave upon the farm seventeen
milch cows, sixty sheep, one hundred and seven chickens, four
brood sows, and a certain amount of hay and grain for feed.
The defendant was to till the farm in a good workmanlike
manner, take care of the live stock, and the produce from
stock and farm was to be sold under the direction of the
plaintiff and the proceeds divided equally between them.
The defendant, upon the termination of the lease, should
leave as much hay and grain upon the farm as plaintiff had
left, and the stock raised upon the farm was to be divided
equally. Each party was to pay one half of the threshing
bills and furnish one half of the grain sown upon the prem-
ises. Plaintiff should furnish the binding twine and defend-
ant should work out the road tax. Personal property tax
should be shared equally. Plaintiff reserved the right to

come upon the premises and investigate the same as to the condition of the crops and live stock, and make improvements upon the place. It was further provided that if the defendant failed to. pay rent according to the conditions of the lease, or should sublet any part of the premises without the consent of the plaintiff, or should violate any other agreements of such contract, then the plaintiff had the right to expel him from the premises forthwith.

On December 20, 1913, plaintiff began. this action to cancel the lease and for the appointment of a receiver to take charge of the property pending the litigation and for an accounting. The complaint alleged various substantial breaches of the lease which the answer denied, and defendant further pleaded that the plaintiff had an adequate remedy at law in ejectment or unlawful detainer.

The court refused to appoint a receiver at the inception of the suit, ordered a reference of the issues, confirmed the report of the referee, appointed a receiver, and ordered judgment to await the taking of a final account between the parties. This appeal is by the defendant from the order confirming the referee's report and appointing a receiver.

For the appellant there was a brief by *J. E. & J. F. Malone*, attorneys, and *E. E. Brossard*, of counsel, and oral argument by *J. E. Malone*.

*D. W. McNamara*, for the respondent.

VINJE, J. 1. The defendant challenges the correctness of the findings of the referee. They cannot now be reviewed, for under sec. 3069, Stats. 1913, no appeal lies from the order confirming the referee's report. Such order does not prevent a final judgment from which an appeal may be taken. It only confirms the findings of the referee and makes them the findings of the court. No appeal lies from mere findings. *Webster-Glover L. & M. Co. v. St. Croix Co.* 63. Wis. 647, 24 N. W. 417; *White v. Magann*, 65 Wis. 86,

26 N. W. 260; *Bourgeois v. Schrage,* 69 Wis. 316, 34 N. W. 96; *Smith v. Shawano Co.* 77 Wis. 672, 47 N. W. 95.

2. Did the court err in appointing a receiver? That is the only question raised by the appeal. The evidence tends to show, and the court found, substantial breaches of the agreement on the part of the defendant, such as selling live stock and grain without the knowledge or consent of the plaintiff, threatening violence to the plaintiff and thereby preventing him from entering upon the leased premises; and that the relations of the parties were so strained that it was not possible for them to carry out the terms of the lease as to the division of the produce and increase of stock. Upon such a showing the court properly appointed a receiver. There was property, in dispute, jointly owned by the parties which was in the possession of the defendant and of which he desired to assume full control contrary to the provisions of the lease. Certainly no abuse of judicial discretion can be predicated upon the court's action in appointing a receiver under such circumstances.

Sub. 1, sec. 2787, Stats. 1913, provides that a receiver may be appointed "Before judgment, on the application of either party, when he establishes an apparent right to or interest in property which is the subject of the action and·which is in the possession of an adverse party, and the property or its rents and profits are in danger of being lost or materially impaired." The case comes fairly within the statute.

*By the Court.*—That part of the order appointing a receiver is affirmed.