■ DONNE COLTON et al., Appellants-Respondents, v NEW YORK HOSPITAL et al., Respondents-Appellants.—Order entered December 2, 1975 in the Supreme Court, New York County, unanimously modified, on the law and in the exercise of discretion, to direct a hearing and determination, preliminary to trial of the main issues, of the meaning and effect in law of the instrument dated January 24, 1972, designated, in part, as a "Covenant Not To Sue Upon And Release Of All Claims," and as so modified, the order is affirmed, without costs. In this action for medical malpractice and loss of consortium, the parties cross-appeal from an order entered December 2, 1975 which denied defendants' motion for summary judgment dismissing the complaint and denied as well plaintiffs' motion to strike the third affirmative defense of release. Special Term decided that the question of the sufficiency of the release should be left for determination at trial. Defendants urge that the instrument in question is a complete bar to the action, that public policy supports its enforcement, and that there are no factual issues regarding its execution to be adjudicated. Plaintiffs assert that the instrument on its face does not discharge defendants from liability for negligence or medical malpractice and is not a bar to the present action. They further contend that, if it is construed to relieve defendants from their own negligence, the instrument is void as against public policy. Without intending to determine the ultimate issues, but merely to set forth some

guidelines to aid in that determination, we observe that in general terms a covenant not to sue is an agreement by one having a present right of action against another not to sue to enforce such right. A covenant not to sue is not a release since it is not a present abandonment of a right or claim, but merely an agreement not to enforce an existing cause of action. Such distinction although technical is nevertheless clear. Thus, the party possessing the right of action is not precluded thereby from thereafter bringing suit; however, he may be compelled to respond in damages for breach of the covenant. In the instant case it does not clearly appear at present as to whether or not anything other than a possible right of action existed in favor of plaintiffs at the time of execution of the agreement. On the other hand, an agreement purporting to release another from the consequences of his own wrong will not be so construed unless the document is unequivocal and clear in its language and construction. Such contracts are not favored since they purport to relieve persons from results flowing from their own negligent and improper conduct. Such an agreement will be closely scrutinized and strictly construed *(Boll v Sharp & Dohme,* 281 App Div 568, 570, affd 307 NY 646), and it will not be assumed that one is relieved from the obligation to exercise care commensurate with the circumstances unless it clearly appears from the language of the instrument or the conduct and expressions of the parties that such was intended. Although the complaint does not state the precise injuries or their alleged cause and plaintiffs' position would be stronger on the cross motions if plaintiff Donne Colton had submitted an affidavit of his own describing the details, on a motion to dismiss a complaint by reason of the document relied upon by defendants, the complaint will be liberally construed to effectuate its broad aims. *(Boll v Sharp & Dohme, supra,* p 570). This is not to say, however, that one may not, by agreement, relinquish a present right or claim or one which subsequently accrues. Concur—Stevens, P. J., Markewich, Capozzoli, Nunez and Lynch, JJ.