LEONARD WASSERMAN, Plaintiff-Appellant, *v.* JOSEPH ROSENGARDEN *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 78-2051

Opinion filed May 28, 1980.

Laser, Schostok, Kolman & Frank, of Chicago (Milton J. Kolman, of counsel), for appellant.

Sidney Z. Karasik, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Leonard Wasserman, brought this action for an accounting and corporate dissolution against defendants, Joseph and Ralph Rosengarden, and Autohaus on Edens, Inc., an Illinois corporation. Plaintiff also sought recovery of remuneration for a period subsequent to his termination as an officer and employee of the corporation. The trial court granted in part defendants' motion for judgment on the pleadings and ruled that plaintiff's claim for recovery of remuneration from the corporation for the period subsequent to his dismissal was *ultra vires* and unenforceable. Pursuant to Supreme Court Rule 304(a), the court made an express written finding that there was no just reason to delay enforcement or appeal from the order. The balance of the action is pending in the trial court. The pertinent facts gleaned from the complaint are as follows.

On March 1, 1972, the defendants Rosengardens each purchased 380 shares of the issued and outstanding common stock in the defendant corporation. The common stock had a $100 par value and the Rosengardens' purchase represented 80% of the outstanding stock issued. Plaintiff, the only other shareholder, purchased the remaining 190 shares of common stock, representing 20%, for $20,000. The parties also entered into an oral shareholder's agreement in which all three parties agreed to continue to vote for one another as directors and officers of the corporation and that each party would receive equal salaries and share *equally* in any distributed profits over and above the salaries drawn by the parties for as long as the corporation remained in existence or as long as the parties remained shareholders. The corporation then commenced

operations in the sales and servicing of new and used automobiles. For approximately five years thereafter, plaintiff, who was vice-president and general manager of the corporation, shared equal salaries with the Rosengardens, and also received one-third of all distributed profits.

On March 30, 1977, the Rosengardens informed plaintiff that he was being ousted from the corporation and would not receive any future salaries or distributed profits. At the time of the ouster, plaintiff was receiving a salary of $600 per week. He was denied all access to the premises and was instructed to return all motor vehicles belonging to the corporation.

On April 20, 1977, defendants filed an answer denying the existence of the oral shareholder's agreement and claiming that plaintiff had refused to execute a shareholder's agreement dated May 1, 1972. Defendants attached a copy of that unexecuted agreement to their answer. Defendants also attached a copy of the stock certificate for 190 shares issued to plaintiff. It contained a restrictive legend subjecting the sale or transfer of the shares to the terms of the shareholder's agreement dated May 1, 1972. Defendants also claimed that plaintiff voluntarily left his employment with the corporation and that the corporation had no obligation to rehire him. They further alleged that pursuant to the unexecuted agreement, in the event of the voluntary or involuntary termination of plaintiff's employment, he was to surrender his 190 shares in the corporation in exchange for his original investment of $20,000.

Defendants subsequently filed a motion for judgment on the pleadings. In support of the motion, defendants stated that the oral shareholder's agreement was *ultra vires* and unenforceable since the individual defendants had no authority to bind the corporation under an agreement to compensate plaintiff for an undetermined length of time regardless of his employment status.

On August 18, 1977, the trial court granted in part defendants' motion for judgment on the pleadings. The court ruled that plaintiff's request for compensation from the corporation for the period after his dismissal was *ultra vires* and unenforceable.

We initially shall comment on defendants' contention that the appeal should be dismissed for want of a final or appealable order.

■■ An order which is not final in character is not made appealable notwithstanding an express written finding of the trial court that there is no just reason to delay enforcement or appeal. (*Davis v. Childers* (1965), 33 Ill. 2d 297, 211 N.E.2d 364.) An order will not be considered final and appealable unless it disposes of or terminates the litigation or some definite portion of the litigation on its merits. (*Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 369 N.E.2d 188.) We believe that the present order was final and appealable because it disposed of a

definite portion of the litigation between the parties. The court determined that as against the corporation the oral shareholder's agreement was operative only until plaintiff's termination. This ruling determined liability and damages after that period, and disposed of a crucial question raised in the lawsuit. The present issue is properly before this court.

Plaintiff contends that the trial court erred in granting partial judgment on the pleadings in favor of the corporation. He maintains that in a closely held corporation, both the corporation and its shareholders are bound by the terms of a shareholder's agreement entered into by all the shareholders. In the agreement, the shareholders agreed that they would continue to vote for each other as directors; and that as directors they would continue each other in office as officers at equal compensation so that plaintiff would draw one-third of the total salaries.

■■ In moving for judgment on the pleadings, the movant admits the truth of all facts well pleaded by the opposite party. (*August H. Skoglund Co. v. Illinois Department of Transportation* (1978), 67 Ill. App. 3d 276, 384 N.E.2d 849.) Consequently, accepting, as we must, the well-pleaded facts in plaintiff's complaint, we do not believe that the oral shareholder's agreement was *ultra vires* and unenforceable as a matter of law.

We note that defendants have asserted that the oral agreement at best was one of employment for an unspecified duration. It is abundantly clear, however, that the oral agreement was not merely one of employment. By its terms, it provided for the purchase of all the outstanding stock in the corporation, plaintiff's contribution of $20,000 in exchange for 190 shares of the common stock, the election of the parties as directors and officers, and the distribution of salaries and profits to the parties. The oral agreement clearly was a shareholder's agreement.

It is undisputed that the defendant corporation is a close or closely held corporation. A close corporation by definition is one in which the stock is held in a few hands, and the common stock is not frequently bought or sold. (*Amsted Industries, Inc. v. Pollak Industries, Inc.* (1978), 65 Ill. App. 3d 545, 382 N.E.2d 393.) In *Galler v. Galler* (1964), 32 Ill. 2d 16, 203 N.E.2d 577, the supreme court discussed close corporations, and we believe the decision in that case controls the issue before us. In *Galler*, a minority shareholder sued in equity for an accounting and for specific performance of a shareholder's agreement which was for an unlimited duration and provided for the continued election of certain persons for specified offices, for a mandatory stated dividend policy, and for salary continuation. The agreement included a provision that if one of the directors was to die in office his wife would determine the successor. In holding that the shareholder's agreement was not unenforceable, the court stated at page 27:

"* * * it should be recognized that shareholder agreements * * *

are often, as a practical consideration, quite necessary for the protection of those financially interested in the close corporation. While the shareholder of a public-issue corporation may readily sell his shares on the open market should management fail to use, in his opinion, sound business judgment, his counterpart of the close corporation often has a large total of his entire capital invested in the business and has no ready market for his shares should he desire to sell. * *. * Without a shareholder agreement, specifically enforceable by the courts, insuring him a modicum of control, a large minority shareholder might find himself at the mercy of an oppressive or unknowledgeable majority."

The *Galler* court also stated at page 26:

"The power to invalidate the agreements on the grounds of public policy is so far reaching and so easily abused that it should be called into action to set aside or annul the solemn engagement of parties dealing on equal terms only in cases where the corrupt or dangerous tendency clearly and unequivocally appears upon the face of the agreement itself or is the necessary inference from the matters which are expressed * * *."

The court concluded, at page 30, that "where, as * * * here, no injury to a minority interest appears, no fraud or apparent injury to the public or creditors is present, and no clearly prohibitory statutory language is violated, we can see no valid reason for precluding the parties from reaching any arrangements concerning the management of the corporation which are agreeable to all."

■■ In the present case, plaintiff's well-pleaded facts state that he agreed to become an employee, director, officer and shareholder of the defendant corporation. He further agreed to pay into the corporation a sum of $20,000 and enter into a shareholder's agreement. In return, he was to receive 20% ownership interest in the corporation, be reelected as director and officer and share equally in salaries and bonuses. This agreement was to remain in full force and effect as long as plaintiff remained a shareholder or the corporation remained in existence. Like the court in *Galler*, we see no reason for precluding the parties from reaching arrangements concerning the management of the closely held corporation which were agreeable to the three shareholders. Fraud, injury to the public, or harm to creditors have not been suggested. Nor is a minority interest complaining about the terms of the oral shareholder's agreement. Defendants protest that, under the alleged agreement, plaintiff has received a disproportionately large return for his investment, but the economic consequences of the agreement do not govern its validity. Moreover, the benefits accruing to the principals are matters for trial and are not to be determined on the pleadings. We believe the trial court erred

in granting partial judgment on the pleadings in favor of the defendant corporation.

For the reasons stated, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

McGILLICUDDY, P. J., and RIZZI, J., concur.