JOHN E. GREGORY & SON, INC., Plaintiff-
Respondent-Petitioner,

v.

A. GUENTHER & SONS CO., INC., Defendant,

MILWAUKEE COUNTY, Defendant-Appellant.

Supreme Court

*No. 87–0437. Argued November 2, 1988.—Decided December 22,
1988.*

(Also reported in 432 N.W.2d 584.)

For the plaintiff-respondent-petitioner there were briefs by *Thomas R. Fahl* and *Flanagan, Sendik & Fahl, S.C.,* Milwaukee, and oral argument by *Thomas R. Fahl.*

For the defendant-appellant there was a brief by *Gerald G. Pagel,* principal assistant corporation counsel, and *George E. Rice,* acting corporation counsel, Milwaukee, and oral argument by *Mr. Pagel.*

WILLIAM G. CALLOW, J.    This is a review of an unpublished order of the court of appeals reversing a judgment of the circuit court for Milwaukee county, Judge Michael P. Sullivan, which granted damages to John E. Gregory & Son, Inc., in the amounts of $9,068.15 from Milwaukee County and $1,641.07 from A. Guenther & Sons Co., Inc. Milwaukee county appealed the judgment entered against it. Guenther did not appeal the judgment entered against it.

The issue before this court is whether the circuit court erred by including a question in its special verdict which allowed a jury to find Milwaukee county liable for damages resulting from delay in the performance of a construction contract when the cause of the delay was not contemplated by the parties at the time they entered into the contract. We conclude that the circuit court erred, and we modify and affirm the court of appeals' order. We find that this case need not be remanded for a new trial.

On March 12, 1980, John E. Gregory & Son, Inc., (Gregory) entered into a contract with A. Guenther &

Sons Co., Inc., (Guenther) agreeing to perform furring, lathing, plastering, and drywall work as part of a remodeling project at the sixth floor of Milwaukee County General Hospital. The contract provided that Gregory would perform the work "per plans, specifications, and addendums 1 and 2 including all taxes all for the sum of $150,000.00." In addition, there were five change orders which increased the contract price by $13,551.

The specifications for the project included the following provisions:

GC–53 *SUBCONTRACTING*

....

The Contractor agrees to bind every Subcontractor (and every Subcontractor of a Subcontractor) and every Subcontractor agrees to be bound by the terms of the Instructions to Bidders, Contract Agreement, Specifications, General Conditions, Drawings, and the Proposal, as far as applicable to his work.

SC–7

....

15. *DELAYS AND EXTENSION OF TIME*

....

1. Owner shall not be liable to the contractor and/or any subcontractor for claims or damages or monetary claims of any nature caused by or arising out of delays. The sole remedy against Owner for delays shall be the allowance to claimant of additional time for completion of work, the amount thereof to be determined by the Architect in accor-

dance with the foregoing provisions of above subparagraphs.

We recognize that the defense contained in this provision is only available to Milwaukee county. It is not available to Guenther.

In addition, the specifications included SC–7 Item No. 16. A. 1, which provides that "Time is [of] the essence of this contract."

The court of appeals rendered its order on the factual record set forth in affidavits and exhibits. A transcript of the trial was not furnished. We set forth Gregory's complaints concerning Guenther's performance on this project because Gregory contends that the county was in a position to direct Guenther's activities. In its affidavit, Gregory contends that Guenther caused several delays during the performance of the contract. Gregory insists, first, that Guenther's delay in readying the premises interfered with Gregory's ability to begin work on the project promptly. According to Gregory, Guenther told Gregory that the project would start in late March or early April of 1980 and would be completed in 300 days. Before Gregory could begin work, Guenther was required to demolish the existing sixth floor improvements. However, Guenther did not complete demolition until late May of 1980. Because Gregory could not start at the scheduled time, it lost two months of working time at labor rates existing prior to a carpenter's strike. The strike halted construction between June and September 11, 1980.

Gregory also contends that Guenther's poor scheduling of the work of its employees and other contractors interfered with Gregory's ability to perform the contract efficiently and productively. Grego-

ry claims that the contract provided that Gregory start the south wing construction approximately seven days after completion of the north wing. Gregory declares that, although it substantially completed the work on the north wing on February 26, 1981, due to Guenther's delay, the work on the south wing did not begin until August 3, 1981, more than five months later. Gregory claims that Guenther caused many other delays which prevented Gregory from working efficiently and productively.

Gregory ceased performance on December 7, 1981. This was 465 days after the job had begun (not including the strike period). On June 30, 1983, Gregory filed suit against Guenther. On August 23, 1984, Gregory amended the complaint making Milwaukee county (County) an additional defendant. The amended complaint alleged that Gregory entered the March 12, 1980, contract in reliance upon representations by Guenther and the County that the project would be completed in 300 days. Gregory claims that Guenther and the County impeded Gregory's performance of the contract, causing Gregory to suffer damages totaling $66,514.05. The amended complaint on which the case was tried specifically alleges the County delayed the progress of construction and failed to supervise and manage the work of Guenther and other contractors. The amended complaint alleges that this resulted in unexpected delays.

On July 29, 1985, the County filed a motion for summary judgment. The circuit court denied this motion on November 5, 1985. It noted that *First Savings & Trust Co. v. Milwaukee County*, 158 Wis. 207, 240, 148 N.W. 22, 148 N.W. 1093 (1914), set forth several exceptions to the general rule that "no damage for delay" clauses are to be enforced. The case

held that the exceptions are fraud, bad faith, and unnecessary orders which were the result of inexcusable ignorance or incompetence. *Id.* The circuit court held that the existence of these exceptions was a question of fact to be decided by a jury.

At the close of the trial the circuit court submitted a special verdict to the jury. The special verdict contained no questions regarding fraud or bad faith, as both parties agreed that there was no evidence in the record to support such a finding. The jury was asked whether delay was due to unnecessary orders by the County. It answered, "No." Over the objection of defense counsel, Question No. 3 was included in the special verdict:

> "Were the kinds of the delays encountered on the County Hospital remodeling job of a type not reasonably to be expected by the parties at the time they entered into the contracts?"

The counsel for the County objected to the inclusion of this question contending that a delay "not reasonably to be expected" was not one of the exception to the enforcement of "no damage for delay" clauses set forth in *First Savings, supra.* The objection was overruled, and the jury answered this question, "Yes." It found that Gregory suffered $9,622 in damages. It concluded that 85 percent of the damages was attributable to the County and 15 percent was attributable to Guenther.

The circuit court entered judgment against Guenther and the County on February 24, 1987. The County appealed the judgment entered against it. Guenther did not appeal the judgment entered against it. The court of appeals reversed the judgment of the circuit court and remanded the case for a new trial.

The court of appeals concluded that, based on *First Savings,* the circuit court improperly included Question No. 3 in the special verdict.

We agree with the court of appeals that the circuit court improperly placed Question No. 3 before the jury. We begin by analyzing *First Savings* which properly sets forth the exceptions to enforcement of a "no damage for delay" clause.

In *First Savings,* First Savings Trust Company, as receiver for National Engineering, a construction company, sought to recover damages suffered during delays in the performance of a construction contract with Milwaukee county. 158 Wis. at 211. The contract contained a clause providing that "'[t]he contractor shall not be entitled to any claims for damages against the county for any hindrance or delay from any cause whatever in the progress of the work.'" *Id.* at 212. An extension of the time of performance granted by the county engineer was the sole remedy for delay. *Id.* The court held that there were three types of delays which would preclude the enforcement of "no damage for delay" clauses: "delays caused (1) by fraudulent conduct of the engineer, (2) by reason of orders made in bad faith and to hamper the contractor, (3) by reason of orders unnecessary in themselves and detrimental to the contractor and which were the result of inexcusable ignorance or incompetence on the part of the engineer." *Id.* at 240. By setting forth these exceptions, the court found that, while a "no damage for delay" clause is generally enforceable, it is not enforceable in such cases of abuse as intentional wrongdoing or gross negligence, on the part of the party seeking to be protected.

Gregory urges us to adopt a further exception to the general rule of enforceability of "no damage for

delay" clauses. Relying upon *Peter Kiewit Sons' Co. v. Iowa Southern Utilities Co.,* 355 F. Supp. 376 (S.D. Iowa 1973), Gregory urges us to allow recovery of damages caused by a delay which "was of a kind not contemplated by the parties." *Id.* at 397. According to Gregory, this rule is required by the contract doctrine of mutual assent. Gregory contends that any delay that the parties did not contemplate at the time of making the contract is one which they could not have intended to be governed by the contract. *See Corinno Civetta Construction Corp. v. City of New York,* 67 N.Y.2d 297, 310, 493 N.E.2d 905, 502 N.Y.S.2d 681 (1986) ("[i]t can hardly be presumed ... that the contractor bargained away his right to bring a claim for damages resulting from delays which the parties did not contemplate at the time").

We do not find Gregory's arguments persuasive, and we hold that delay "not contemplated by the parties" is not an exception to the general rule that "no damage for delay" clauses are enforceable.[1] We conclude that parties can mutually assent to such a clause without contemplating in particularity all of the potential causes of delay. Indeed, the adoption of a "no damage for delay" clause shows that the parties

---

[1]We recognize that most states addressing this question have concluded that delay not contemplated by the parties is an exception to the general rule of the enforceability of "no damage for delay" clauses. *See, e.g., City of Seattle v. Dyad Construction, Inc.,* 17 Wash. App. 501, 565 P.2d 423 (1977); *Department of Transportation v. Arapaho Construction, Inc.,* 257 Ga. 269, 357 S.E.2d 593 (1987). *But see M. A. Lombard & Son Co. v. Public Building Commission,* 101 Ill. App. 3d 514, 428 N.E.2d 889 (1981), which holds that "no damage for delay" clauses should be enforced except in cases of fraud or misrepresentation.

realize that some delays cannot be contemplated at the time of the drafting of the contract. The parties include the clause in the contract in order to resolve problems conclusively should such delays occur. The parties can deal with delays they contemplate by adjusting the start and completion dates or by including particular provisions in the contract. "[I]t is the unforeseen events which occasion the broad language of the clause since foreseeable ones could be readily provided for by specific language." *City of Houston v. R. F. Ball Construction Co., Inc.,* 570 S.W.2d 75, 78 (Tex. Ct. App. 1978). Thus, the doctrine of mutual assent supports our conclusion that delays not contemplated by the parties should not be an exception to the rule that "no damage for delay" clauses should be enforced.

This result is neither unfair nor inequitable. Knowing that unforeseen delays—such as the ones in this case—can occur, parties can bargain accordingly. A subcontractor can protect itself from the risk of unforeseen delay simply by adjusting its bid price in recognition of the potential additional costs or by refusing to accept such a provision in the contract. *Unicon Management Corp. v. City of Chicago,* 404 F.2d 627, 631 (7th Cir. 1968).

Having concluded that a delay not contemplated by the parties is not an exception to the general rule of enforcement of "no damage for delay" clauses, we affirm the court of appeals' holding that the circuit court erred by including Question No. 3 in the special verdict. Question No. 3 assumes that the existence of unforeseen delays provides an exception to the rule of enforcement of no damage clauses. As we have concluded above, this is incorrect. We do not agree with

the court of appeals, however, that the case must be remanded for a new trial. It is clear that Gregory cannot recover under any of the *First Savings* exceptions. All parties agreed that the record did not support a finding of either bad faith or fraudulent conduct. In addition, in its answers in the special verdict, the jury found that the third exception did not exist. The jury answered "No" when it was asked whether delay was due to unnecessary orders by the County. Having answered "No," it did not need to address the question of whether such orders were the result of inexcusable ignorance.

Because the delays in this case did not fit any of the exceptions listed in *First Savings,* the "no damages for delay" clause is enforceable and bars Gregory from recovering damages. We, therefore, affirm the order of the court of appeals, modifying the order by concluding that it is not necessary to remand the case for a new trial.

*By the Court.*—The order of the court of appeals is modified and, as modified, affirmed.