William E. **BUNNETT**,
Plaintiff–Appellant,

v.

Donald L. **SMALLWOOD**,
Defendant–Appellee.

**BUNNETT/SMALLWOOD & CO., INC.**,
Plaintiff–Appellant,

v.

Donald **SMALLWOOD**,
Defendant–Appellee.

Nos. 86CA1302, 87CA0469.

Colorado Court of Appeals,
Div. IV.

Aug. 18, 1988.

Rehearing Denied Oct. 6, 1988.

Certiorari Granted (Bunnett)
Feb. 6, 1989.

Joseph P. Genchi, P.C., Joseph P. Genchi, Estes Park, for plaintiffs-appellants.

Sherman & Howard, Michael A. Williams, Steven D. Plissey, Denver, for defendant-appellee.

CRISWELL, Judge.

These two appeals arise from a series of business transactions between the parties and are consolidated for purposes of this opinion. The first appeal concerns an action by plaintiff, William E. Bunnett (Bunnett), against defendant, Donald L. Smallwood, for conversion of partnership property. In that case, defendant counterclaimed for breach of an alleged settlement agreement between the parties. The jury returned a verdict that denied Bunnett any relief and awarded defendant damages under his counterclaim.

The second appeal concerns a suit by Bunnett/Smallwood & Co., Inc. (Bunnett/Smallwood), a corporation in which Bunnett and defendant had been the sole stockholders, against defendant for breach of fiduciary duty, usurpation of a corporate opportunity, and tortious interference with contract. When this action was commenced, Bunnett was president and sole shareholder of Bunnett/Smallwood. The trial court granted summary judgment for defendant in that action, concluding that, because of the judgment in the first action, the doctrine of collateral estoppel barred relitigation of a vital issue involved in the Bunnett/Smallwood case.

Both Bunnett and Bunnett/Smallwood have appealed. We affirm both judgments.

Plaintiff and defendant were the principals in two businesses, Bunnett/Smallwood, a Texas corporation, and Smallwood and Associates, a general partnership. Another corporation, Feed Commodities, Inc., was wholly owned by Bunnett, but was a substantial customer of Bunnett/Smallwood.

Bunnett signed a personal guaranty for all present and future indebtednesses owed by Feed Commodities to Bunnett/Smallwood, up to a maximum of $100,000. Later, when this indebtedness exceeded $100,000, but Bunnett was unwilling or unable to honor the guaranty, the parties agreed that Bunnett would transfer his interest in Smallwood and Associates to defendant, in return for which Bunnett/Smallwood would not seek enforcement of Bunnett's personal guaranty.

In February 1984, defendant resigned as both an employee and a director of Bunnett/Smallwood. After substantial negotiations between Bunnett and defendant, defendant transferred all of his capital stock in Bunnett/Smallwood to Bunnett. Defendant testified that his understanding of his agreement with Bunnett was that this transfer was in full settlement of all disputes between Bunnett and him. Bunnett testified, on the other hand, that the parties' agreement was applicable only to a third, unrelated, lawsuit that was later dismissed.

Defendant's counterclaim in the first action was based upon his contention that Bunnett's suit was barred by the parties' agreement and that the institution of that action, as well as the other action against him by Bunnett/Smallwood, were violative of that agreement, entitling him to damages measured by the costs and attorney fees incurred by him in defending against both actions. By its verdict, the jury apparently accepted defendant's version of the parties' agreement and rejected Bunnett's testimony respecting the same. It awarded damages to defendant based upon the expenses incurred by him in the defense of both actions.

After entry of judgment in the first action, the court dismissed the suit instituted by the corporation, Bunnett/Smallwood. It accepted defendant's contention that the judgment in the first action was conclusive of the issue of the coverage of the parties' agreement, which was also raised by defendant as a defense in the second suit.

## I. Bunnett's Action

### A.

Bunnett contends initially that the evidence submitted in the first action was insufficient to allow the jury to find that the agreement between him and defendant encompassed both the claims possessed by him personally and any claims possessed by Bunnett/Smallwood. We disagree.

The testimony of defendant was sufficient to allow the jury to find that the agreement between the parties provided that, as a consequence of defendant's transfer of his stock to Bunnett, Bunnett waived any claim against defendant that either he or Bunnett/Smallwood possessed. Since the jury verdict finds support in this testimony, we are bound by the finding of fact upon which it is based. See Aurora v. Loveless, 639 P.2d 1061 (Colo.1981).

### B.

Bunnett next contends that the trial court erred in allowing the jury to award attorney fees as damages for his breach of

the agreement. We also disagree with this contention.

■ As a general rule, the prevailing party in a lawsuit is not entitled to recover attorney fees, absent some applicable statutory or contractual provision therefor. *Beebe v. Pierce,* 185 Colo. 34, 521 P.2d 1263 (1974). However, this general rule has no application where legal proceedings are instituted in violation of an agreement not to sue. *Desroches v. Ryder Truck Rental, Inc.,* 429 So.2d 1010 (Ala.1983); *Colton v. New York Hospital,* 53 A.D.2d 588, 385 N.Y.S.2d 65 (1976). In such instances, attorney fees and litigation costs incurred in defending against the claim are direct consequences of the offending party's breach of contract. *Anchor Motor Freight, Inc. v. International Brotherhood of Teamsters Local No. 377,* 700 F.2d 1067 (6th Cir.1983), *cert. denied,* 464 U.S. 819, 104 S.Ct. 81, 78 L.Ed.2d 92 (1983).

■ Further, contrary to Bunnett's argument, no error occurred in the jury's award of damages for the fees and costs incurred by defendant in the lawsuit brought by Bunnett/Smallwood. Defendant was entitled to recover compensatory damages sufficient to place him in the position he would have been in had the breach not occurred, *see Kniffin v. Colorado Western Development Co.,* 622 P.2d 586 (Colo.App.1980), and defendant would not have incurred any fees or costs in that action, but for breach of the agreement.

### C.

Bunnett also argues that the trial court erred in instructing the jury that an informal agreement between the stockholders of a close corporation is valid and enforceable. He claims that, because it was not formally ratified by the directors of Bunnett/Smallwood, the agreement to forgive his personal guaranty to Burnett/Smallwood, in exchange for a transfer of his interest in Smallwood and Associates to defendant, was not enforceable. We reject this assertion.

■ It is generally recognized that stockholders who own substantially all of the stock of a corporation may lawfully contract with one another concerning the management of corporate affairs. *Snyder v. Freeman,* 300 N.C. 204, 266 S.E.2d 593 (1980); *Merlino v. West Coast Macaroni Manufacturing Co.,* 90 Cal.App.2d 106, 202 P.2d 748 (1949). Such agreements are binding upon both the contracting parties and the corporation, provided the agreement does not involve the rights of creditors, violate statutes, or contravene public policy. *Wasserman v. Rosengarden,* 84 Ill.App.3d 713, 40 Ill.Dec. 430, 406 N.E.2d 131 (1980).

■ Here, there was evidence that Bunnett/Smallwood was fully solvent when the parties agreed that the corporation would not seek enforcement of Bunnett's personal guaranty. Hence, there is no merit to plaintiff's suggestion that a corporate asset was withheld from creditors. Nor is there any contention that the agreement was illegal or that it otherwise contravened public policy. Thus, the trial court committed no error in instructing that such an agreement is valid.

### D.

Bunnett also contends that his agreement to transfer his interest in Smallwood and Associates to defendant is unenforceable for lack of consideration. We also disagree with this argument.

■ Consideration may consist of a benefit to the promisor or a detriment or disadvantage to the promisee. *Western Federal Savings & Loan Ass'n v. National Homes Corp.,* 167 Colo. 93, 445 P.2d 892 (1968). The record here reveals that, in return for transferring his interest in Smallwood and Associates to defendant, plaintiff was relieved of his obligation to pay a personal guaranty of $100,000. Thus, contrary to Bunnett's argument, the agreement was supported by valid and substantial consideration.

### E.

■ Finally, we reject Bunnett's contention that the trial court erred in admitting two letters into evidence over his objection. Because all of the substantive statements contained in the letters had already been established at trial by other properly admit-

ted evidence, there was no reversible error. *See* CRE 103; *Davis v. Bonebrake*, 135 Colo. 506, 313 P.2d 982 (1957).

## II. Bunnett/Smallwood's Action

In the second appeal, Bunnett/Smallwood contends that the trial court erred in granting summary judgment based upon the doctrine of collateral estoppel. We conclude that no error was committed.

■ The doctrine of collateral estoppel bars re-litigation of an issue actually litigated in a previous case where: (1) the issue decided in the prior adjudication is identical with the one presented in the action in question; (2) there was a final judgment on the merits; (3) the party against whom the defense is asserted was a party, or is in privity with a party, to the prior adjudication; and (4) the party had a full and fair opportunity to litigate the issue in the prior adjudication. *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973).

The trial court properly concluded that each of the factors required to be present in order to sustain the defense of collateral estoppel with respect to the issue whether the agreement between Bunnett and defendant barred the suit by Bunnett/Smallwood was present in this case.

■ In the Bunnett action, the jury was instructed that defendant claimed that the agreement barred both the Bunnett lawsuit and the action by the corporation. Thus, the issue whether the agreement applied to Bunnett/Smallwood was actually litigated and decided in the first suit.

Second, we reject Bunnett/Smallwood's contention that, because of the pendency of the appeal from the judgment entered in the Bunnett case, that judgment was not final for collateral estoppel purposes. Application of the principle adopted in *Miller v. Lunnon*, 703 P.2d 640 (Colo.App.1985) (pending appeal does not preclude application of doctrine of res judicata) and *Jefferson County School District No. R-1 v. Industrial Commission*, 698 P.2d 1350 (Colo.App.1984) (pending appeal of prior administrative ruling does not prevent application of doctrine of collateral estoppel in subsequent administrative proceedings) is dispositive of this contention.

Finally, Bunnett/Smallwood was in privity with Bunnett for collateral estoppel purposes. Bunnett was president, director, and sole stockholder of Bunnett/Smallwood during the commencement and pendency of both lawsuits. Under these circumstances, such a close corporation is considered to be in privity with its dominant officer and shareholder. *Drier v. Tarpon Oil Co.*, 522 F.2d 199 (5th Cir.1975). *See also* Restatement (Second) of Judgments § 39 (1982) (one who controls or substantially controls the litigation on behalf of a party is bound by the determination of issues decided as though he were a party).

Other contentions advanced are disposed of by our previous comments or are without merit.

THE JUDGMENTS ARE AFFIRMED.

KELLY, C.J., and JONES, J., concur.