J AND B STEEL CONTRACTORS, INC., d/b/a J and B Steel Reinforcing and Erection, Plaintiff-Appellant, v. C. IBER AND SONS, INC., *et al.*, Defendants-Appellees.

Third District No. 3—92—0807

Opinion filed June 4, 1993.—Modified on denial of rehearing August 3, 1993.

Miller, Hall & Triggs, of Peoria (William R. Kohlhase, of counsel), for appellant.

Frank A. Hess, of Behrends & Gentry, of Peoria (F. Louis Behrends, of counsel), for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, J & B Steel Contractors, Inc., filed a four-count, second-amended complaint against the defendants, C. Iber & Sons, Inc., and Proctor Community Hospital. The trial court dismissed the plaintiff's complaint with prejudice pursuant to section 2—615 of the Code

of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615). The plaintiff appeals. We reverse and remand for further proceedings.

The facts pleaded in the plaintiff's complaint indicate that Proctor Community Hospital hired defendant C. Iber & Sons, Inc. (hereinafter the defendant), as a general contractor to make certain improvements on property that the hospital owned in Peoria, Illinois. Around December 4, 1989, the defendant subcontracted with the plaintiff to perform certain work on that project which involved a parking structure. On August 31, 1990, the plaintiff suspended its performance under the contract and subsequently filed this lawsuit.

Counts I through III of the plaintiff's complaint sought foreclosure on a mechanics' lien claim. Count IV sought damages for a breach of contract. All four counts referred to a contract between the parties which was attached to the complaint as exhibit A. The various counts all contained the following allegations. An "understanding" between the parties provided that the agreed price for the plaintiff's work was $220,799 and that based on that agreed price, the plaintiff was not obligated to perform work beyond July 31, 1990. The contract between the parties was in accordance with the terms of a telephone "proposal" made on December 4, 1989, by the plaintiff to the defendant, and was "confirmed" by the defendant's "Purchase Order *** dated December 7, 1989" (exhibit A).

Counts I, III, and IV alleged that in its role as general contractor, the defendant had an obligation to supervise and coordinate the construction to allow the plaintiff to complete its work on or before July 31, 1990. Additionally, count I alleged that the defendant breached obligations of good faith and fair dealing implied in the contract by failing to correct problems in the progress of the work.

Count II alleged in the alternative that the plaintiff incurred extra costs as a consequence of a change in the "scope" of its work due to the defendant's change in the schedule of the job so that it could not be completed by July 31, 1990. Count II further alleged that under the contract, the defendant was obligated to issue a change order to compensate the plaintiff for additional costs resulting from a change in "the scope of [the plaintiff's] work to the period beyond July 31, 1990."

Count III, unlike counts I and II, did not seek recovery for extra work or costs incurred as a result of the defendant's breach of contract, but only recovery for the amount earned under the original contract price. Count IV sought recovery for lost profits on work that the plaintiff did not perform because of the defendant's breach of contract.

The defendant filed a motion to dismiss the plaintiff's second amended complaint pursuant to section 2—615 of the Code of Civil Procedure. The defendant's motion alleged four different grounds for dismissal. Specifically, it alleged that: (1) the plaintiff did not comply with the notice requirements of section 24 of the Mechanics Lien Act (Ill. Rev. Stat. 1991, ch. 82, par. 24); (2) the "no damage for delay" clause in the written contract precluded any recovery for the plaintiff; (3) the plaintiff could not recover because it breached the contract; and (4) counts I through III of the plaintiff's complaint were redundant. After a hearing on the motion, the trial court entered a written order granting the defendant's motion to dismiss the plaintiff's complaint with prejudice.

As a preliminary matter, we must address the issue of whether the plaintiff satisfied the statutory notice requirements under the Mechanics Lien Act.

Section 24 of the Mechanics Lien Act provides that the 90-day notice required to perfect a subcontractor's lien must be "sent by registered or certified mail, with return receipt requested, *and delivery limited to addressee only*, to or personally served on the owner of record or his agent." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 82, par. 24.) Here, the certified mail receipt was not limited to addressee only. The receipt shows that Pat Anderson signed it. The record does not show what relationship the signatory had with the defendant hospital other than that he or she signed the certified receipt in the space for the signature of the agent.

Although Illinois case law provides that notice is required as a basis for bringing a cause of action under the Mechanics Lien Act, if the limited delivery language does not result in a lack of notification, then the lack of notice is not a basis for invalidating the plaintiff's claim. *Watson v. Auburn Iron Works, Inc.* (1974), 23 Ill. App. 3d 265, 318 N.E.2d 508; *Matthews Roofing Co. v. Community Bank & Trust Co.* (1990), 194 Ill. App. 3d 200, 550 N.E.2d 1189; *A.Y. McDonald Manufacturing Co. v. State Farm Mutual Automobile Insurance Co.* (1992), 225 Ill. App. 3d 851, 587 N.E.2d 623.

The defendant argues that the plaintiff's complaint should be dismissed because it does not specifically indicate that the defendant received actual notice.

■ We disagree. The defendant did not allege lack of actual notice and did not argue that it was prejudiced by a lack of actual notice. We find that it was incumbent on the defendant to assert that it did not receive actual notice. None of the cases cited by the parties allowed the dismissal of a complaint for lack of notice on a section 2—

615 motion to dismiss. Rather, the cited cases involved motions for summary judgment at which stage in the proceedings it could be conclusively determined whether the defendant received actual notice. Illinois courts interpret the strict requirements of notice by examining how effectively a party did in fact notify the other side rather than simply basing rights solely on whether every phrase of the statute was followed in exact detail. (See *Matthews Roofing Co. v. Community Bank & Trust Co.* (1990), 194 Ill. App. 3d 200, 550 N.E.2d 1189.) Accordingly, we hold that under the circumstance presented here, lack of notice was not a proper ground for dismissal on a section 2—615 motion to dismiss.

Turning to the merits, we note that the plaintiff first argues on appeal that the defendant had a duty to supervise the construction project so that the plaintiff could complete its work by July 31, 1990. While acknowledging that the written contract between the parties did not provide for a set completion date, the plaintiff argues that the written contract contemplated an "oral understanding" that the work would be completed by that date. In support of that argument, the plaintiff points to the following contractual provisions: (1) the first sentence of the contract stated, "Enter the following order in accordance with the terms and conditions of your telephone proposal on 12/4/89 ***"; (2) it was the responsibility of the plaintiff to supply a "full time foreman experienced in post-tension concrete, *** through July 31, 1990"; and (3) it was the defendant's responsibility to "supply sufficient manpower and supervision to keep the job on schedule as agreed upon between [the parties]."

In response, the defendant points out that all four counts of the plaintiff's complaint were premised on the allegation that it was "understood" that the plaintiff was not obligated to perform work beyond July 31, 1990. The defendant contends that the plaintiff's reliance upon an alleged oral understanding or agreement was barred by the parol evidence rule and the doctrine of merger.

■ The parol evidence rule provides that when two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing. (3 A. Corbin, Corbin on Contracts §573, at 357 (1960); *Maas v. Board of Trustees of Community College District No. 529* (1981), 94 Ill. App. 3d 562, 418 N.E.2d 1029.) Discussions, prior negotiations, and propositions are merged into the writing and the rights of the parties are governed by the written con-

tract. *(Evans v. Berko* (1951), 408 Ill. 438, 97 N.E.2d 316.) However, the threshold question for the application of the rule is whether the writing was integrated, *i.e.*, whether it was intended by the parties to be a final and complete expression of the entire agreement. *Pecora v. Szabo* (1981), 94 Ill. App. 3d 57, 418 N.E.2d 431.

Under Illinois law, there is a split of authority as to the proper standard to apply in determining whether an integration has taken place. According to one line of cases, the question of integration is normally to be decided by the trial court as a matter of law, and if the contract imports on its face to be a complete expression of the whole agreement, it is presumed that the parties introduced into it every material item, and parol evidence cannot be admitted to add another term to the agreement. *(Pecora v. Szabo* (1981), 94 Ill. App. 3d 57, 418 N.E.2d 431; *Storybook Homes, Inc. v. Carlson* (1974), 19 Ill. App. 3d 579, 312 N.E.2d 27; *Armstrong Paint & Varnish Works v. Continental Can Co.* (1921), 301 Ill. 102, 133 N.E. 711.) It has been noted that the court must determine this from the writing itself; the contentions of the parties are not the criterion which should guide the court in determining whether the written contract is a full expression of the agreement of the parties. *(Armstrong Paint & Varnish Works v. Continental Can Co.* (1921), 301 Ill. 102, 133 N.E. 711.) However, there is a second line of cases in Illinois holding that all relevant evidence may be considered to determine whether the document was a total integration and thus the complete agreement of the parties. *Lewis v. Loyola University* (1986), 149 Ill. App. 3d 88, 500 N.E.2d 47; *Maas v. Board of Trustees of Community College District No. 529* (1981), 94 Ill. App. 3d 562, 418 N.E.2d 1029; *Geoquest Productions, Ltd. v. Embassy Home Entertainment* (1992), 229 Ill. App. 3d 41, 593 N.E.2d 727.

The Illinois approach of determining whether an integration has taken place solely from the document itself is contrary to the approach taken by the Restatement (Second) of Contracts, the various treatise writers, and the weight of authority in other jurisdictions. (See Restatement (Second) of Contracts §209, at 115-16 (1981); 3 A. Corbin, Corbin on Contracts §588 (1960).) According to the Restatement approach, whether a writing has been adopted as an integrated agreement is a question of fact to be determined by the trial judge in the first instance as a question preliminary to an interpretative ruling or to the application of the parol evidence rule and is to be determined in accordance with all relevant evidence. (Restatement (Second) of Contracts §209, Illustration C, at 116 (1981).) Although the face of the document may weigh heavily in favor of the completeness of the

integration (3 A. Corbin, Corbin on Contracts §585, at 485 (1960)), the party denying the integration must always be allowed to present respectable evidence to show that the antecedent agreement he alleges did in fact exist, and also to show that it has not been discharged or nullified by a new agreement, that is, that the writing produced in court was not assented to as a complete and accurate integration of a substituted agreement (3 A. Corbin, Corbin on Contracts §582, at 457 (1960)).

 In the case *sub judice*, we note that the document at issue specifically referred to a prior telephone discussion and specifically directed that the contract be entered in accordance with the terms and conditions of that conversation. Moreover, the writing did not contain a clause purporting to merge all prior oral discussions into a final expression of the parties' intention. We find that under the present circumstances, where the writing specifically refers to a prior oral discussion and does not purport on its face to be the sole or final expression of the parties' intentions, the trial judge must consider all the surrounding facts and circumstances in determining the threshold question of whether the writing at issue amounted to a complete integration of the parties' agreement. In other words, we decide to apply the standard enunciated in the Restatement and the second line of Illinois cases discussed above given the facts presented here. We further note that this threshold question is a preliminary question for the trial judge and parol evidence in that regard should not be presented in the presence of a jury. Furthermore, we again point out that if the trial judge finds a complete integration, then parol evidence may not be offered to vary the terms of the writing.

Accordingly, we hold that the trial court erred in granting the defendant's motion to dismiss on this issue. In so holding, we note that this issue may be appropriate for resolution at the summary judgment stage if the pleadings, depositions, admissions, and affidavits show that there is no genuine issue as to any material fact. If a material issue of fact remains, the trial judge may then hear all relevant evidence of the integration issue. If the trial judge finds that the party asserting an integration has failed to meet its burden of proof in that regard, the court may then direct a verdict in favor of the opposing party.

The next issue raised on appeal is whether the "no damage for delay" clause precludes the plaintiff from recovery.

 We note that Illinois courts have consistently recognized the validity of "no damage for delay" clauses. (See *Bates & Rogers Construction Corp. v. Greeley & Hansen* (1985), 109 Ill. 2d 225, 486

N.E.2d 902.) However, Illinois courts have also recognized several exceptions that prevent the application of that clause which include: bad faith; an unreasonable duration of delay; delay not within the contemplation of the parties; and delay attributable to inexcusable ignorance or incompetence. (*John Burns Construction Co. v. City of Chicago* (1992), 234 Ill. App. 3d 1027, 601 N.E.2d 1024.) In the instant case, we find that if the trial court determines that the parties had a specific agreement for a set completion date of July 31, 1990, then the defendant's conduct would fall under an exception to the enforcement of the clause as delay not within the contemplation of the parties.

Next, the plaintiff claims that the typed provisions of the contract were inconsistent with certain printed provisions and that the typed provisions should control.

■ Initially, we note that this issue may be rendered moot depending on the trial court's resolution of the integration issue. Nonetheless, we will address the issue since it might reoccur on remand. If it is determined that the parties did not have a valid oral agreement for a completion date of July 31, 1990, then we disagree that anything in the written contract was inconsistent to the point of requiring a need to resort to rules of construction. The typed provision at issue provides that the plaintiff was responsible to keep the job on schedule as agreed by the parties. The printed provision provided that the plaintiff had to prosecute the work in such a manner as the contractor may require and in accordance with a progress schedule that the defendant may provide. We find nothing inconsistent or ambiguous with these provisions.

Next, the defendant argues that the plaintiff was barred from recovering because the plaintiff first breached the contract by failing to prosecute the work.

■ If it is determined on remand that the parties had a valid agreement for a completion date of July 31, 1990, we would find that the defendant's argument is without merit. Moreover, it is insignificant that the plaintiff waited one month to suspend its performance since it had a reasonable amount of time to choose its options. On the other hand, if it is determined that the defendant had no duty to allow the plaintiff to complete the work by July 31, 1990, then it follows that the plaintiff breached the contract by suspending its performance when it had no contractual right to do so.

Lastly, the plaintiff contends that the defendant breached its duty under the contract to give the plaintiff notice of a change in the "scope" of the work.

In count II of the complaint, plaintiff alleged that the defendant breached the contract by failing to give notice of a change in the scope of the work and that the change in job schedule was a change in the scope of the work. We find that this issue is a question of fact to be resolved by the trier of fact. If the time element was such an integral part of the parties' contract, then a delay in the work could be a change in the scope of the work. It must be determined by the trier of fact whether the contract entered into by the parties contemplated that the scope of the work related to a set completion date.

For the foregoing reasons, we reverse the judgment of the circuit court of Peoria County and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

LYTTON and STOUDER, JJ., concur.