# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*National City Mortgage v. Hillside Lumber, Inc.*, 2012 IL App (2d) 101292

---

| | |
|---|---|
| Appellate Court Caption | NATIONAL CITY MORTGAGE, Plaintiff and Counterdefendant-Appellee, v. HILLSIDE LUMBER, INC., Defendant and Counterplaintiff-Appellant (Roman Jakimow, Elizabeth Jakimow, National City Bank, Jaroslaw Prus, Prime City Construction, Inc., New Stone Design, Inc., The Title Shop, L.L.C., and Top Quality Flooring, Inc., Defendants). |
| District & No. | Second District<br>Docket No. 2-10-1292 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | September 29, 2011<br><br>March 8, 2012<br>March 8, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a mortgage foreclosure action where the mortgagee joined defendant lumber company, which had a mechanic's lien for the materials it supplied for the improvements to the property, and both the mortgagee and the lumber company filed cross-motions for summary judgment, the trial court properly entered summary judgment for the mortgagee, since the mortgagee asserted that it never received notice of the mechanic's lien and the lumber company had the burden of proving that the mortgagee actually received notice, but it admitted it could not produce documentation that notice was even sent. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 08-CH-3454; the Hon. Robert G. Gibson, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Eric D. Kaplan and Christopher S. Wunder, both of Kaplan, Papadakis & Gournis, P.C., of Chicago, for appellant. |
| | Frank P. Andreano, of Brumund, Jacobs, Hammel, Davidson & Andreano, LLC, of Joliet, for appellee. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion. Justices Bowman and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant Hillside Lumber, Inc. (Hillside), appeals from an order of the circuit court of Du Page County granting summary judgment against it and in favor of plaintiff, National City Mortgage. For the reasons that follow, we affirm.

¶ 2     On September 14, 2006, Roman and Elizabeth Jakimow gave plaintiff a mortgage on their property to secure a construction loan. The Jakimows defaulted, and plaintiff filed suit to foreclose its mortgage on September 8, 2008. Plaintiff joined Hillside as a defendant in the foreclosure suit because Hillside recorded a mechanic's lien against the property on March 5, 2008. The lien recited that Hillside furnished $141,188.10 worth of materials to improve the property and that $65,821.93 was still owed. The lien was signed by Ewa Kulaga. There was no accompanying proof of mailing or service list. On December 19, 2008, Hillside filed a counterclaim to foreclose its mechanic's lien.

¶ 3     Plaintiff and Hillside filed cross-motions for summary judgment. Plaintiff's motion was based, in part, on Hillside's failure to serve it with notice of the lien. Hillside filed Ewa Kulaga's affidavit in which Kulaga, president of Hillside, averred that on March 5, 2008, Hillside sent the lien by certified mail, with return receipt requested and delivery limited to addressee only, to the owners of the property, the contractor, and plaintiff at its address in Miamisburg, Ohio. Plaintiff then filed a counteraffidavit in which its asset manager declared that plaintiff's records did not disclose that plaintiff had received the lien. At the hearing on the cross-motions for summary judgment, Hillside admitted that it did not have either the white card evidencing a certified mailing with a tracking number, a copy of the envelope addressed to plaintiff, or a green card evidencing receipt of the lien by plaintiff. On November 15, 2010, the trial court granted plaintiff's motion for summary judgment and denied Hillside's cross-motion. The trial court granted a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010), and this timely appeal followed.

¶ 4     Hillside contends that Kulaga's affidavit creates a genuine issue of material fact sufficient

to defeat plaintiff's motion for summary judgment and that the trial court misconstrued section 24 of the Mechanics Lien Act (Act) (770 ILCS 60/24 (West 2008)) when it ruled that Hillside had to prove plaintiff's actual receipt of the lien. In order not to run afoul of the forfeiture rule, Hillside also raises issues with respect to the timeliness and priority of its lien. Because of our resolution of the notice issue, we will not address the remaining issues.

¶ 5 Summary judgment is appropriate when the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Falcon Funding, LLC v. City of Elgin*, 399 Ill. App. 3d 142, 146 (2010). "The nonmovant need not prove his case at the summary judgment stage; he must, however, show a factual basis to support the elements of his claim." *Wilson v. Bell Fuels, Inc.*, 214 Ill. App. 3d 868, 872 (1991). Where the evidence before the court on summary judgment shows that a verdict would have to be directed at trial, summary judgment is proper. *Wilson*, 214 Ill. App. 3d at 872. We review *de novo* a ruling on summary judgment. *Falcon*, 399 Ill. App. 3d at 146.

¶ 6 The purpose of the Act is to protect contractors and subcontractors who provide labor and materials for the benefit of an owner's property by permitting them a lien on the property. *Parkway Bank & Trust Co. v. Meseljevic*, 406 Ill. App. 3d 435, 446 (2010). Rights under the Act are in derogation of the common law, and the steps necessary to invoke those rights must be strictly construed. *Parkway*, 406 Ill. App. 3d at 446. "However, once the contractor or subcontractor has strictly complied with the requirements and the lien has properly attached, then the Act should be liberally construed to accomplish its remedial purpose." *Parkway*, 406 Ill. App. 3d at 446.

¶ 7 Section 24(a) of the Act requires a lien claimant to send notice of the claim by registered or certified mail, with return receipt requested and delivery limited to addressee only, to the owner of record or his agent or architect, or to the superintendent having charge of the building or improvement, and to the lending agency, if known. 770 ILCS 60/24(a) (West 2008); *Cordeck Sales, Inc. v. Construction Systems, Inc.*, 382 Ill. App. 3d 334, 398 (2008). Section 24(a) in pertinent part provides:

"Sub-contractors, or parties furnishing labor, materials, fixtures, apparatus, machinery, or services, may at any time after making his or her contract with the contractor, and shall within 90 days after the completion thereof, or, if extra or additional work or material is delivered thereafter, within 90 days after the date of completion of such extra or additional work or final delivery of such extra additional material, cause a written notice of his or her claim and the amount due or to become due thereunder, to be sent by registered or certified mail, with return receipt requested, and delivery limited to addressee only, to or personally served on the owner of record or his agent or architect, or the superintendent having charge of the building or improvement and to the lending agency, if known ***. For purposes of this Section, notice by registered or certified mail is considered served at the time of its mailing." 770 ILCS 60/24(a) (West 2008).

¶ 8 Hillside first argues that plaintiff's counteraffidavit alleged only that plaintiff did not have a record of having received the notice of lien, and the counteraffidavit at most created an inference that Hillside may not have complied with section 24(a). Hillside contends that

the trial court could not try the case on its merits at the summary judgment stage, but had to conclude that there was a genuine issue of material fact regarding Hillside's compliance with notice because of the Kulaga affidavit. This issue cannot be addressed without first addressing Hillside's argument that section 24(a) requires proof only that the notice was sent, not that it was received. If Hillside is incorrect in its construction of section 24(a), then the Kulaga affidavit does not create a genuine issue of material fact. Hillside maintains that the plain language of section 24(a) requires that the notice of lien be *sent* by certified or registered mail, with return receipt requested and delivery limited to addressee, and also provides that notice is considered served at the time of its mailing. Hillside argues that we cannot read any other conditions, such as delivery, into the statute.

¶ 9        Hillside relies on one case, *People ex rel. Devine v. $30,700.00 United States Currency*, 199 Ill. 2d 142 (2002), which involved the notice provision in the Drug Asset Forfeiture Procedure Act (725 ILCS 150/1 *et seq*. (West 2000)). In *Devine*, the issue was whether the State had complied with the notice provision, which required the State to give notice either by personal service or by mailing a copy of the notice by certified mail, with return receipt requested, to the owner's or interest-holder's address. *Devine*, 199 Ill. 2d at 150. Our supreme court held that, in light of the express language contained in the notice provision, service of notice by mailing is perfected when the notice is deposited in the mail, provided the State complies with the mailing procedures set forth in the statute. *Devine*, 199 Ill. 2d at 151. The court rejected the argument that notice would not be perfected unless and until the State received the return receipt. *Devine*, 199 Ill. 2d at 151. Hillside argues that the notice provision in the Drug Asset Forfeiture Procedure Act is analogous to section 24 of the Act, so that they must be construed the same way. What Hillside overlooks in the *Devine* analysis is that the record in that case contained the certified mailing receipt proving that the State actually mailed notice in compliance with the statute. *Devine*, 199 Ill. 2d at 153. Here, Hillside admitted that it had no documentation of any kind of mailing.

¶ 10        *Devine* is inapposite for another reason. Illinois courts have interpreted the strict requirements of notice under the Act by examining how effectively a party did in fact notify the other side, rather than simply basing rights solely on whether every phrase of the statute was followed in exact detail. *Matthews Roofing Co. v. Community Bank & Trust of Edgewater*, 194 Ill. App. 3d 200, 205 (1990). Defects in the notice are not a deprivation of notice where notice was actually received. *Watson v. Auburn Iron Works, Inc.*, 23 Ill. App. 3d 265, 272-73 (1974). It is incumbent on a party to assert that it did not receive actual notice. *J&B Steel Contractors, Inc. v. C. Iber & Sons, Inc.*, 246 Ill. App. 3d 523, 527 (1993). At the summary judgment stage of proceedings, it can be conclusively determined whether notice was received. *J&B*, 246 Ill. App. 3d at 527. Consequently, pursuant to *J&B*, once plaintiff asserted its lack of notice at the summary judgment stage, Hillside had to prove that plaintiff actually received notice. Hillside admitted that it could not produce documentation that it even sent notice, let alone documentation that notice was received. Consequently, the trial court did not err in granting summary judgment in plaintiff's favor. Accordingly, the judgment of the circuit court of Du Page County is affirmed.

¶ 11        Affirmed.