(No. 27222.—

THE RYAN COMPANY, Appellant, *vs.* THE SANITARY DISTRICT OF CHICAGO, Appellee.

*Opinion filed March 21, 1945—Rehearing denied May 17, 1945.*

BECKMAN, HEALY, REID & HOUGH, of Chicago, for appellant.

ERNST BUEHLER, and JOHN H. BISHOP, both of Chicago, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

In November, 1930, The Ryan Company entered into a contract with the Sanitary District of Chicago whereby it · agreed to construct 10,055 lineal feet of sewer. Construction work began February 23, 1931, and continued to April 13, when a fire occurred in the tunnel. The fire caused a delay in the performance of the work and necessitated a change in the plans and specifications. To meet such conditions the parties entered into an amended and supplemental contract. The Ryan Company resumed work and continued to December 15, 1931. The district failed to pay the monthly installments as required by the contract and The Ryan Company did not resume work until March 23, 1934.

The Ryan Company started this suit in the superior court of Cook county to recover damages which it had sustained by reason of the suspension of the work from December 15, 1931, to March 23, 1934. The complaint also contained counts for damages which may be referred to as "loss of profits and overhead charges" alleged to have been sustained by The Ryan Company, and which were caused by the district's revision orders changing the plans and specifications in certain particulars.

On the trial the court held that this cause was controlled by *Underground Construction Co.* v. *Sanitary District,* 367 Ill. 360, and sustained objections to the introduction of plaintiff's evidence and entered judgment for the district. On appeal the Appellate Court affirmed the trial court's ruling as to that part of The Ryan Company's claim which pertained to delayed damages, but reversed and remanded the cause as to the other claim. At this point the two claims for damages as incorporated in the complaint pursued different courses. That part of the Appellate Court judgment which held The Ryan Company had no right of action for delayed damages was incorporated into its petition for leave to appeal to this court. The other branch of the case was redocketed in the trial court and is pending there. The petition for leave to appeal was granted.

The questions raised on the part of the judgment that is here on this appeal involve a construction of article 30 of the contract, which is identical with article 30 of the contract construed in *Herlihy Mid-Continent Co.* v. *Sanitary District of Chicago, ante,* p. 160. In the *Herlihy case* evidence of damages occasioned by the delay was admitted, while in the instant case objection to such evidence was sustained. However, a decision on the merits in the *Herlihy case,* and a decision on the admissibility of such evidence in this case is limited to a construction of article 30 of each contract. The holding in the *Herlihy case* which disposes of the questions raised in No. 28117 is controlling in this case.

For the reasons there assigned, that part of the judgment of the Appellate Court which pertains to the delay damages is affirmed.                    *Judgment affirmed.*