JOHN BURNS CONSTRUCTION COMPANY, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (5th Division) No. 1—89—1090

Opinion filed September 11, 1992.

Robert D. Boyle, Morgan F. Murphy, and Morgan F. Murphy III, all of Murphy & Boyle, Chartered, of Chicago, for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth Moscovitch and Michelle Hutchinson, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE GORDON delivered the opinion of the court:

Plaintiff John Burns Construction Company appeals from a trial court order dismissing its complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) for

failure to state a cause of action against defendant the City of Chicago, in this suit where plaintiff seeks damages for delay in a construction project due to the city's failure to timely acquire the necessary rights-of-way and easements. On appeal, plaintiff contends that the complaint states a cause of action for breach of contract, notwithstanding the contract's "no damages for delay" clause.

Plaintiff filed its complaint on September 4, 1986. On April 9, 1987, the city filed a motion to strike and dismiss, based on the "no damages for delay" clause and on the procedural ground that the contract required that all disputes be presented to the purchasing agent.

On May 19, 1987, the trial court struck the complaint with leave to amend in order "to bring this cause within any exception to the rule that no damages for delay clauses are enforceable."

On June 16, 1987, plaintiff filed a first amended complaint, adding allegations regarding the city's "reckless indifference" to its obligations, and breach of an "affirmative obligation."

On July 7, 1987, the city filed a motion to dismiss the first amended complaint. On October 9, 1987, the trial court struck the city's motion to dismiss, with leave to amend, in an agreed order.

On November 30, 1987, plaintiffs filed a second amended complaint which was ultimately stricken with prejudice on motion of the city and which is the subject of this appeal.

The second amended complaint contains the following allegations. In August 1982, the city issued its requirements for bidding and specifications for a monolithic sewer construction project. Plaintiff, a general contractor, submitted a bid, and on February 3, 1983, the city awarded the contract to plaintiff. "The date for commencement of the project was established as February 14, 1983."

Plaintiff subsequently "submitted a critical path schedule to the city, which the city approved prior to the commencement date of the project." Plaintiff "believes the schedule shows that upon the commencement date, [plaintiff] would begin construction at the site of the Conrail property and that all of the sewer construction work was to be completed prior to December 1, 1983." The city "promised to acquire the necessary easements so as to allow plaintiff *** complete access to the construction site upon the commencement date in order that [plaintiff] could proceed with its projected schedule of construction."

The complaint alleges further that the city "failed to acquire the needed easement to the Conrail property *** until April 18, 1983, more than two months after the scheduled date of commencement." On February 17, 1983, at a "pre-construction meeting" held three

days after the scheduled commencement date, the city first informed plaintiff that the easements had not yet been acquired.

The complaint alleges that plaintiff successfully completed the project on time despite the city's failure "to comply with the requirements of the contract."

Count I of the complaint alleges that the acquisition of the easements was "essential for [plaintiff] to begin construction in the manner contemplated in their critical path schedule." The city "had actual knowledge of [plaintiff's] overwhelming need to have access to the Conrail property by the commencement date." The complaint alleges further:

"19. That the city's failure to acquire the easements, given its knowledge and obligation under the contract, betokens a wanton and reckless indifference to the legal obligation of the city pursuant to the written contract.

20. That the city's wanton and reckless indifference toward its obligation to acquire the easements to the Conrail property is recognized as an exception to the enforceability of the exculpatory no-damage-for-delay clause contained in the contract.

21. That as a result of the city's reckless indifference to timely acquire the easements *** [plaintiff] suffered damages including, but not limited to substantial increased material, leasing and labor costs, increased overhead and equipment costs, lost profits and other financial loss in the sum of Two Million Two Hundred Thousand Dollars."

Count II of the complaint alleges that the city had a "fundamental, affirmative duty, pursuant to an express written contractual duty *** to acquire easements to the Conrail property, thereby allowing [plaintiff] to commence construction, at that site, immediately upon the commencement date of February 14, 1983," and that the city failed in this "fundamental obligation." The city's "failure to disclose or warn" plaintiff prior to February 17, 1983, of its inability to acquire the easements "betokens a wanton and reckless indifference to their legal obligations."

"28. That the city's wanton and reckless indifference toward its implied duty to disclose or warn [plaintiff] of the city's inability or potential inability to acquire the easements to the Conrail property is recognized as an exception to the enforceability of the exculpatory no-damage-for-delay clause contained in the contract."

In the contract documents attached as an exhibit to the complaint, the "General Conditions" include a provision that "time is of the es-

sence of contract." In regard to damages for delay, the contract provides:

"16. PROVISION RELATIVE TO DELAY.

Should the Contractor be obstructed or delayed in the commencement, prosecution or completion of the work under this contract by any act or delay of the City or by order of the Commissioner, howsoever issued, then the time herein fixed for the completion of said work will be extended for a period equivalent to the time lost by reason of such acts or delays of the City or orders of the Commissioner.

\* \* \*

It is further expressly understood and agreed that the Contractor shall not be entitled to any damages or compensation from the City, or be reimbursed for any loss or expense on account of any delay or delays resulting from any of the causes aforesaid."

In March 1988, the city filed a motion to dismiss the second amended complaint. An agreed order entered by Judge Hoffman on September 14, 1988, provided that defendant would withdraw its motion to dismiss plaintiff's second amended complaint. On September 26, 1988, the city filed a new motion to dismiss the second amended complaint, arguing only that the no damages for delay clause precluded recovery.

On January 23, 1989, the court entered an order striking the second amended complaint with prejudice and dismissing the cause. The court filed a memorandum opinion, stating that the "only delay caused to plaintiff was a 2 month pre-construction delay which is precisely the type of occurrence which Plaintiff agreed to exculpate the City from." Moreover, the court found that the "Second Amended Complaint is devoid of any specific allegations supporting the conclusion that Defendant was grossly negligent or acted in bad faith in acquiring the easement." The court held that plaintiff could not correct the deficiencies and had been afforded ample opportunity to do so.

On February 22, 1989, plaintiff filed an emergency motion for reconsideration, and a request for leave to amend the complaint. Plaintiff attached a third amended complaint which added count III, introducing "an additional recognized exception to the enforceability of the No-Damage-For-Delay clause," based on the city's alleged breach of a fundamental obligation under the contract to provide easements by the commencement date. On March 22, 1989, the court denied plaintiff's motion for reconsideration.

At the hearing on the motion for reconsideration, plaintiff argued that no discovery had yet been conducted, and that it had been trying to contact individuals involved in the construction in 1983. "To date, John Burns still doesn't know what happened." It argued further that even if discovery had been allowed, under a section 2—615 motion, it could not have submitted any of the discovery. However, plaintiff argued that "with the aid of discovery," it could "define information that will lead us to the city's reckless indifference to our rights under this contract. And therefore, we have asked that the court's order as to dismissing this case with prejudice be amended or be vacated in order to allow John Burns to conduct discovery to find out what actually happened in this matter."

On April 21, 1989, plaintiff filed a notice of appeal from the January 23 and March 22, 1989, orders.

OPINION

Plaintiff contends that its second amended complaint properly alleges a cause of action for breach of contract, and therefore the trial court erred in dismissing the complaint for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure. Ill. Rev. Stat. 1989, ch. 110, par. 2—615.

An action should not be dismissed with prejudice unless it clearly appears that no set of facts could be proved under the pleadings which would entitle plaintiff to recover. (*Central States, Southeast & Southwest Areas Pension Fund v. Gaylur Products, Inc.* (1978), 66 Ill. App. 3d 709, 713, 384 N.E.2d 123.) Where plaintiff has alleged the facts supporting his claim with as much precision as might reasonably be expected, facts rather than conclusions have been alleged. *People ex rel. Scott v. College Hills Corp.* (1982), 91 Ill. 2d 138, 435 N.E.2d 463.

In the present case, the complaint alleges that defendant delayed the date of commencement for two months. The city "had actual knowledge of [plaintiff's] overwhelming need to have access to the Conrail property by the commencement date." Plaintiff "believes the [critical path] schedule shows that upon the commencement date, [plaintiff] would begin construction at the site of the Conrail property." The complaint alleges further that the city's failure to acquire the easements "betokens a wanton and reckless indifference to" the contractual obligations, and that the city breached a "fundamental obligation" under the contract.

The city, however, points to the "no damages for delay" language in the contract.

■ Illinois courts have consistently recognized the validity of "no damages for delay" clauses. See, *e.g., Bates & Rogers Construction Corp. v. Greeley & Hansen* (1985), 109 Ill. 2d 225, 486 N.E.2d 902; *Herlihy Mid-Continent Co. v. Sanitary District* (1945), 390 Ill. 160, 60 N.E.2d 882; *Ryan Co. v. Sanitary District* (1945), 390 Ill. 173, 60 N.E.2d 889; *Underground Construction Co. v. Sanitary District* (1937), 367 Ill. 360, 11 N.E.2d 361; *Gust K. Newberg, Inc. v. Illinois State Toll Highway Authority* (1987), 153 Ill. App. 3d 918, 506 N.E.2d 658; *M.A. Lombard & Son Co. v. Public Building Comm'n* (1981), 101 Ill. App. 3d 514, 428 N.E.2d 889. See generally 13 Am. Jur. 2d *Building & Construction Contracts* §52 (1964).

Neither party, however, can hide behind a "no damages for delay" clause.

> "Neither party can rely unreasonably on the no-damages clause. The contractor cannot sit idly, comforted by the thought that he will either get his rights-of-way on time and earn a profit on the contract or, if delayed, obtain damages merely on account of the delay. On the other hand, the public authority cannot allow its employees to remain idle on the comfortable assumption that the no-damages clause is to be taken literally." *Southern Gulf Utilities, Inc. v. Boca Ciega Sanitary District* (Fla. App. 1970), 238 So. 2d 458, 459.

Illinois has recognized several exceptions which would, under the proper facts, prevent the bar of that clause. See *Bates & Rogers Construction Corp. v. Greeley & Hansen*, 109 Ill. 2d 225, 486 N.E.2d 902 (no damages for delay clause enforceable *in the absence of an allegation of bad faith or gross negligence*); *L.K. Comstock & Co. v. Morse/UBM Joint Venture* (1987), 153 Ill. App. 3d 475, 505 N.E.2d 1253 (Illinois recognizes bad faith; unreasonable duration of delay; delay not within contemplation of parties; delay attributable to inexcusable ignorance or incompetence of engineer), citing *Bates & Rogers Construction Corp. v. North Shore Sanitary District* (1980), 92 Ill. App. 3d 90, 95, 414 N.E.2d 1274, *appeal from remand* (1984), 128 Ill. App. 3d 962, 471 N.E.2d 915, *aff'd* (1985), 109 Ill. 2d 225, 486 N.E.2d 902. See generally Annot., 74 A.L.R.3d 187 (1976) (including the *L.K. Comstock & Co.* exceptions as "widely recognized exceptions").

In the trial court, plaintiff argued that it needed to conduct discovery in order to be more specific in its allegations relating to the relevant exceptions to the "no damages for delay" clause. Plaintiff argued that "with the aid of discovery," it could "define information that will lead us to the city's reckless indifference to our rights under this contract. And therefore, we have asked that the court's order dis-

missing this case with prejudice be amended or be vacated in order to allow John Burns to conduct discovery to find out what actually happened in this matter."

■ We agree that this case should not be decided on the basis of the single pleading before us at this time. The precise reasons for the two-month delay in commencement of work under this contract are not within plaintiff's knowledge. Plaintiff is not required to allege facts with precision where the necessary information is within the defendant's knowledge and plaintiff has not had the benefit of discovery. Plaintiff must be given the opportunity to have the benefit of discovery and further develop the facts in this case. (See *Sherman v. Field Clinic* (1979), 74 Ill. App. 3d 21, 25, 392 N.E.2d 154.)

> "To require plaintiffs, without benefit of discovery, to include in their complaint sufficient factual detail to permit a determination of these questions from the face of the complaint is both unrealistic and unnecessary." (*Sherman v. Field Clinic*, 74 Ill. App. 3d at 25.)

Similarly, in *Central States, Southeast & Southwest Areas Pension Fund v. Gaylur Products* (66 Ill. App. 3d at 715-16), the court stated:

> "Defendant contends that the allegations of a unity of interest and ownership, that Weiner is the alter ego of the corporation and that his use of the corporate funds were fraudulent, are mere conclusions unsupported by facts. Evidence to support or overcome these allegations is principally within the defendant's knowledge. It can be ascertained by discovery.
>
> Further, as has been stated, 'there is no clear distinction between statements of "evidentiary facts," "ultimate facts" and "conclusions of law." ' (2 Nichols, Illinois Civil Practice §777 (1961).) The allegations here complained of would appear to be as factual as they could be made under the circumstances."

See generally 3 R. Michael, Illinois Practice §23.4, at 310 (1989), stating:

> "Many cases exemplify the principle that a plaintiff is not required to allege facts with precision where the necessary information to do so is within the knowledge and control of the defendant and is unknown to the plaintiff. As one court explained, this rule assists a plaintiff who may be unable to discover the information needed to draft a detailed complaint before filing and recognizes the reality that a defendant who has most of the pertinent information in his possession does not have to rely primarily on the facts in the complaint to formulate an answer and prepare for trial."

Accord *Holton v. Resurrection Hospital* (1980), 88 Ill. App. 3d 655, 410 N.E.2d 969.

■ Consequently, with these principles in mind, the allegations in the second amended complaint are sufficient to state a claim that comes within the umbrella of the recognized exceptions to the "no damage for delay" provisions in the contract. The third amended complaint which plaintiff unsuccessfully sought to file even more sharply purports to fall within these exceptions. Plaintiff at this juncture should not be required to plead those factual underpinnings to support his cause of action which are largely subjective and wholly within the possession of the defendant, without first being permitted sufficient discovery to ascertain those facts.

Therefore, at this stage of the pleadings, we cannot say there is no set of facts which could be developed through discovery under the pleading at issue here which would permit plaintiff to recover under an exception to the "no damages for delay" clause. Therefore, dismissal of this cause on the basis of defendant's section 2—615 motion (Ill. Rev. Stat. 1991, ch. 110, par. 2—615) is, at best, premature.

Moreover, it would seem that under the circumstances of this case, plaintiff's right to maintain this action in the face of the "no damages for delay" provision should more appropriately be determined pursuant to section 2—619 or section 2—1005 (Ill. Rev. Stat. 1991, ch. 110, pars. 2—619, 2—1005), which permit the submission of extrinsic facts, rather than under section 2—615, which is limited to the pleadings. See *Southern Gulf Utilities, Inc. v. Boca Ciega Sanitary District*, 238 So. 2d at 459 (court reverses dismissal of complaint, finding complaint states a cause of action for damages caused by the knowing delay of the public authority "which transcends mere lethargy or bureaucratic bungling"; complaint alleged that owner "negligently, wilfully and for a long time, after Plaintiff commenced work under [the] contract, did not take the reasonable and necessary steps" to acquire rights-of-way); *Ace Stone, Inc. v. Township of Wayne* (1966), 47 N.J. 431, 440, 438, 221 A.2d 515, 520 (summary judgment for defendant reversed and cause remanded "to enable the parties to introduce such oral and documentary evidence as may be available and relevant in aid of" determining "whether the [no damages for delay] language used in the contract ***, when considered in the full light of [the parties'] relations and objectives, and the attendant circumstances, contemplated" no damages; court found it unfortunate that there was no evidence in the record to shed light on whether "the parties actually contemplated, by the no-damage clause, the barring of claims not only for ordinary delays in the course of construc-

tion, but also for delays resulting from the failure seasonably to provide rights of way"); *Forward Industries, Inc. v. Rolm of New York Corp.* (1986), 123 A.D.2d 374, 378, 506 N.Y.S.2d 453, 456 (court reversed trial court order denying defendant's motion for summary judgment dismissing the complaint, because a question of fact existed as to whether the cause of the delay was due to the defendant's negligence or breach of its affirmative duties under the contract, and thus "legal significance of the no-damage-for-delay clause will have to await a trial"); *Hawley v. Orange County Flood Control District* (1963), 211 Cal. App. 2d 708, 717, 27 Cal. Rptr. 478, 484 (judgment of nonsuit for defendant reversed where question of whether the construction contract's no damages for delay clause was intended to prevent recovery by the plaintiff-contractor "under the peculiar circumstances here *** [involves] a factual question requiring the weighing of all the facts presented"). See generally Note, *"No Damage" Clauses in Construction Contracts: A Critique*, 3 Wash. Law Rev. 471, 485 ("periods of reasonable (or foreseeable) 'delay' may arise as an implied term of the contract, based on custom or general experience in the industry"). Cf. *Johnson v. Gila County* (Ariz. 1919), 185 P. 929 (demurrer properly sustained where statute made it clear that defendant-county had right to build highway over railroad's right-of-way but railroad—not county—was at fault in blocking plaintiff-contractor's access (no exculpatory clause)).

Notwithstanding our holding here, we note that plaintiff faces difficult obstacles in this case. If plaintiff agreed to the exculpatory clause and the price at which it bid may have reflected the possibility that delays could occur, the courts will be inclined to hold plaintiff to the plain words of the bargain it made. (See *Bates & Rogers Construction Co. v. Greeley & Hansen*, 109 Ill. 2d 225, 486 N.E.2d 902 (summary judgment for defendant upheld).) However the exculpatory clause will be construed strictly to prevent unconscionable results which may arise from its enforcement. (*J.F. Edwards Construction Co. v. Illinois State Toll Highway Authority* (1975), 34 Ill. App. 3d 929, 935, 340 N.E.2d 572; see generally 13 Am. Jur. 2d *Building & Construction Contracts* §52, at 55 n.8 (1964).) Plaintiff also has to confront the fact that it finished the work within the time specified by the contract. (See *Loughman Cabinet Co. v. C. Iber & Sons, Inc.* (1977), 46 Ill. App. 3d 873, 361 N.E.2d 379 (plaintiff not entitled to recover damages because delay was beyond defendant's control, and plaintiff completed work within the extended time period provided in the contract); *Peckham Road Co. v. New York* (1969), 32 A.D.2d 139, 300 N.Y.S.2d 174, *aff'd* (1971), 28 N.Y.2d 734, 321 N.Y.S.2d 117, 269

N.E.2d 826.) Moreover, the court may also take into consideration whether the plaintiff knew at the time the contract was made that the easements had not yet been acquired (see *Christhilf v. Mayor & City Council* (1927), 152 Md. 204, 136 A. 527; *Peckham Road Co. v. New York*, 32 A.D.2d 139, 300 N.Y.S.2d 174), as well as the further fact that the three-day delay between the commencement date and the notice given at the preconstruction conference may have engendered minimal damages. (See *W.C. James, Inc. v. Phillips Petroleum Co.* (10th Cir. 1973), 485 F.2d 22, 24 (delays occasioned by failure to acquire rights-of-way and materials were minimal).) However, to dismiss plaintiff's claim at this juncture without permitting further factual development through discovery was premature.

■ Finally, defendant argues that the suit is barred by plaintiff's failure to submit the dispute to the purchasing agent for resolution. The general conditions state that "any dispute concerning a question of fact arising under this contract which is not disposed of shall be decided after hearing by the Purchasing Agent, who shall reduce his decision to writing ***. The decision of the Purchasing Agent shall be final and binding."

Defendant raised this point before the trial court in its motion to strike and dismiss the original complaint, dated April 9, 1987. The city included the point in its subsequent motion to dismiss, dated July 7, 1987. The city also raised the point in its motion to strike and dismiss the second amended complaint. However, on September 14, 1988, the court gave the city "leave to withdraw, and [it] does withdraw, its section 2—615 motion to dismiss plaintiff's second amended complaint" and to file a new motion to dismiss. On September 26, 1988, the city filed its new motion to dismiss the second amended complaint, which argued only that the "no damages for delay" clause precluded recovery. It would appear, therefore, that the city quite deliberately deleted its argument that plaintiff failed to exhaust its administrative remedies. Having abandoned the argument before the trial court, defendant has waived the argument for purposes of appeal. See *Robins v. Lasky* (1984), 123 Ill. App. 3d 194, 198, 462 N.E.2d 774.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the holdings contained herein.

Reversed and remanded.

McNULTY, P.J., and LORENZ, J., concur.