# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Allen v. Peoria Park District*, 2012 IL App (3d) 110197

---

| | |
|---|---|
| Appellate Court Caption | FREDERICK V. ALLEN and WILLIAM T. FRANKLIN, Plaintiffs-Appellees, v. PEORIA PARK DISTRICT, a Municipal Corporation, Defendant-Appellant (Gregory R. James, Jr., Contemnor-Appellant). |
| District & No. | Third District<br>Docket No. 3-11-0197 |
| Filed | April 24, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the trial court dismissed plaintiffs' complaint for personal injury and breach of contract based on the termination of their employment but granted them leave to file an amended complaint, the trial court's subsequent orders allowing discovery to proceed and holding defendant's counsel in contempt were reversed, since plaintiffs did not file an amended complaint, they admitted they had no evidence defendant terminated their employment for any improper reason, and the trial court erred in allowing plaintiffs to conduct discovery to determine if they could discover a cause of action. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 10-L-80; the Hon. Joe R. Vespa and the Hon. David J. Dubicki, Judges, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Gregory R. James and Devlin J. Schoop, both of Laner, Muchin, Dombrow, Becker, Levin & Tominberg, of Chicago, and Edward F. Dutton (argued), of Park District Risk Management Agency, of Lisle, for appellants.

William Gregory (argued), of Koth & Gregory, of Bloomington, for appellees. |

| Panel | PRESIDING JUSTICE SCHMIDT delivered the judgment of the court, with opinion.

Justice Wright concurred in the judgment and opinion.

Justice Lytton specially concurred, with opinion. |

## OPINION

¶ 1     Plaintiffs-appellees, Frederick B. Allen and William T. Franklin, were seasonal employees of defendant-appellant Peoria Park District. They filed suit against defendant, alleging breach of contract and personal injury in connection with the termination of their employment. The trial court granted plaintiffs' combined motions under sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2010)), dismissing all counts with leave to amend within 90 days. Plaintiffs alleged that their terminations may have somehow been illegal, but they had no facts to support this suspicion. They could not file an amended complaint without discovery first. Over defendant's objection, the trial court ordered that discovery could proceed. Plaintiffs failed to file an amended complaint but did seek discovery from defendant. Defendant sought a protective order, arguing that it was improper to allow discovery while no complaint was before the court. The trial court denied the protective order and at lead counsel, appellant-contemnor Gregory R. James Jr.'s request, held him in civil contempt so that he could immediately appeal the discovery issue. Defendant and contemnor appeal the trial court's order allowing discovery and the finding of contempt.

¶ 2                          FACTS

¶ 3     Plaintiffs, seasonal employees, filed suit against the Peoria Park District. They made two claims: breach of contract and personal injury. Plaintiffs' complaint included the following allegations. In December of 2008, as had happened in previous years, plaintiffs received a seasonal layoff. Defendant indicated to them that they would be rehired. Early in April of 2009, plaintiffs contacted defendant about when they would begin work again. Defendant

told them that they were terminated. Defendant told Allen that he was terminated for improper use of park district equipment, which occurred on June 10, 2008. Franklin was told that his termination was due to budget constraints and the incident which occurred on June 10, 2008. On April 21, 2009, defendant informed the Illinois Municipal Retirement Fund that plaintiffs had resigned.

¶ 4 Plaintiffs alleged that the incident from June 10 was resolved on June 11, without termination. They further claim that between the date of their layoff and April of 2009, they could not have violated any of defendant's policies contained in the employee manual, as they were not working for defendant during that time. Therefore, they claim that their termination by defendant was contrary to defendant's policies as outlined in the employee manual. Plaintiffs' complaint also stated that their termination may have been illegal for other unknown reasons, but admitted that they did not have proof of any such illegality. They hoped to obtain proof during discovery.

¶ 5 Defendant filed a motion to dismiss both counts. Defendant argued that the complaint should be dismissed with prejudice pursuant to section 2-615 as the employee manual stated they were at-will employees with no contractual right to employment; therefore, they failed to state a claim upon which relief can be granted. The employee manual states in relevant part:

"You are employed with the Peoria Park District on an at-will basis, and nothing contained in this policy manual is intended to provide or guarantee you with employment for any specific period of time. As an at-will employee of the Park District you are free to terminate your employment at any time, with or without cause or notice, and the Park District retains the same right. None of the policies or procedures contained in this policy manual are intended by reason of their publication to confer any right or privileges upon you, or to entitle you to remain employed by the District.

This at-will employment relationship can only be modified by a written contract signed by the employee and approved by the Board of Trustees.

* * *

THIS PERSONNEL POLICY MANUAL IS NOT AN EMPLOYMENT CONTRACT. NOTHING CONTAINED IN THIS MANUAL OR ANY WRITTEN OR ORAL STATEMENT CONTRADICTING, MODIFYING, INTERPRETING, EXPLAINING OR CLARIFYING ANY PROVISION OF THE MANUAL IS INTENDED TO CREATE OR SHALL CREATE ANY EXPRESS OR IMPLIED CONTRACTUAL OBLIGATIONS THAT ARE BINDING UPON EITHER THE PARK DISTRICT OR YOU. *** THIS AT-WILL EMPLOYMENT RELATIONSHIP CAN ONLY BE MODIFIED BY A WRITTEN CONTRACT ***."

¶ 6 Defendant also argued that the complaint should be dismissed with prejudice pursuant to section 2-619 as the claims were barred by the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1-101 to 10-101 (West 2010)); the complaint was filed more than one year after plaintiffs were terminated. The trial court granted defendant's motion on July 13, 2010. The trial court's order dismissed both counts, granted plaintiffs 90 days to file an amended complaint, and stated the parties were allowed to

proceed with discovery. The order did not state the grounds upon which the court granted the motion.

¶ 7    Plaintiffs have never filed an amended complaint. On August 23, plaintiffs served interrogatories and a request to produce on defendant. On August 27, defendant filed a motion for a protective order, arguing that plaintiffs had no right to discovery since no complaint was on file with the court. The trial court denied the protective order. Defendant's lead counsel then requested the trial court hold him in contempt so that he could appeal the order of discovery. The trial court held lead counsel in civil contempt and fined him $25. This appeal followed.

¶ 8                                                    ANALYSIS

¶ 9    A court order that does not dispose of an entire proceeding, which finds a person in contempt of court and imposes a monetary fine, is appealable without the need for the trial court to make a special finding. Ill. S. Ct. R. 304(b)(5) (eff. Feb. 26, 2010). "Review of the contempt finding necessarily requires review of the order upon which it is based." *Norskog v. Pfiel*, 197 Ill. 2d 60, 69 (2001). A discovery order is generally "reviewed for a manifest abuse of discretion." *Id.* at 70. But where the question to be decided is one of law, our review is *de novo*. *Id.* at 71. The question we must decide in this appeal is whether a trial court can order discovery when there is no complaint on file. This is a question of law, which we review *de novo*.

¶ 10    Plaintiffs rely on Illinois Supreme Court Rule 201(d), which says that prior to the point that "all defendants have appeared or are required to appear," no discovery shall be initiated without leave of the court. Ill. S. Ct. R. 201(d) (eff. July 1, 2002). They argue that since they initiated discovery after the point at which defendant had appeared, it was proper. While Rule 201(d) states that discovery cannot be initiated without leave of the court prior to the appearance, or time for appearance, of all defendants, that does not mean that there cannot be other limitations to the initiation of discovery. For example, Supreme Court Rule 201(b)(1) states, "[e]xcept as provided in these rules, a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action." Ill. S. Ct. R. 201(b)(1) (eff. July 1, 2002). Our supreme court has stated that "Rule 201(b)(1) is founded on the basic premise that the objective of discovery is the 'expeditious and final determination of controversies in accordance with the substantive rights of the parties.' [Citation.] Thus, discovery should only be utilized to 'illuminate the *actual issues* in the case.' [Citation.]" (Emphasis added.) *Owen v. Mann*, 105 Ill. 2d 525, 530 (1985). The *Owen* court recognized that with no complaint on file, the trial court could not determine whether the discovery request was "relevant to any issue in the case." *Id.* It held that it is improper for the trial court to order discovery with no complaint on file. *Id.*

¶ 11    Plaintiffs seek to avoid the holding in *Owen* by citing to appellate court cases that held that in the circumstances of those cases, it was improper to dismiss the complaint for a failure to plead sufficient facts. Those cases are simply not on point. The only issues before this court are the finding of contempt and, as required to address the contempt finding, the propriety of the discovery order. Whether or not the trial court properly dismissed the

original complaint is not before us, but plaintiffs admitted in the trial court and in this court that they could not file an amended complaint, as they had no facts to support a cause of action.

¶ 12 We recognize that there are limited circumstances where discovery is allowed prior to the filing of a complaint. Rule 224 allows someone who has been injured, but needs to identify who may be liable for damages, to file an independent action seeking a court order allowing limited discovery. *Beale v. EdgeMark Financial Corp.*, 279 Ill. App. 3d 242 (1996). Plaintiffs took no such action in this case, nor could they. Plaintiffs in this case seek discovery to determine whether a wrong occurred, not who committed a known wrong.

¶ 13 Without citation to authority, plaintiffs argue that defendant's request for a protective order was not timely filed, as it was filed more than 30 days after the trial court entered the order dismissing plaintiffs' complaint. Supreme Court Rule 341(h)(7) requires appellate briefs to contain "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008). Additionally, "[p]oints not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." *Id.*; *In re Marriage of Johnson*, 2011 IL App (1st) 102826, ¶ 25. Plaintiffs forfeited this argument by failing to include citation to relevant authority.

¶ 14 We hold that the trial court erred in allowing plaintiffs to conduct discovery to determine if they could discover a cause of action. Plaintiffs admit that perhaps discovery will disclose facts to support some cause of action against defendant. In essence, the plaintiffs argue that they should be able to file a faulty complaint and then use that as a basis to conduct discovery to see if, perhaps, defendant did something tortious. We think not. In Illinois, it is not only improper to file a complaint without a factual basis, it is, as a matter of law, sanctionable. *Ashley v. Scott*, 266 Ill. App. 3d 302, 305-06 (1994). Plaintiffs have never filed an amended complaint and have admitted that they can plead no facts to support an amended complaint. Since the trial court's discovery ruling was improper, the contempt order is reversed. *Norskog v. Pfiel*, 314 Ill. App. 3d 877, 881 (2000). Plaintiffs' complaint and defendant's employee handbook, which plaintiffs attached to their complaint, establish that plaintiffs were, as a matter of law, at-will employees subject to termination for any reason other than an improper reason. See *Shearson Lehman Brothers, Inc. v. Hedrich*, 266 Ill. App. 3d 24, 30 (1994). Plaintiffs admit that they have no evidence that defendant terminated their employment for any legally improper reason. We think the cases relied upon by the plaintiffs, and discussed in the special concurrence, are inapposite. In fact, *Yuretich* even acknowledges that "fishing expeditions" are a recognized form of litigation abuse. *Yuretich v. Sole*, 259 Ill. App. 3d 311, 316-17 (1994).

¶ 15                                    CONCLUSION

¶ 16 For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed, and the case is remanded for further proceedings consistent with this opinion.

¶ 17 Reversed and remanded.

¶ 18    JUSTICE LYTTON, specially concurring.

¶ 19    In this case, the trial court granted defendant's motion to dismiss without prejudice. The same order stated that the parties were "allowed to proceed with discovery." I agree that the discovery order was error and that the case should be remanded for further proceedings. I write separately because I believe the trial court's discovery order, while error here, would have been appropriate had the trial court entered it before dismissing the case.

¶ 20    Supreme Court Rule 201(b)(1) allows a party to obtain by discovery full disclosure regarding any relevant matter, even where the discovery "relates to the claim or defense of the party seeking disclosure." Ill. S. Ct. R. 201(b)(1) (eff. July 1, 2002). A discovery request may properly be quashed where the trial court has before it sufficient information upon which to decide defendant's motion to dismiss. *Evers v. Edward Hospital Ass'n*, 247 Ill. App. 3d 717, 734-35 (1993). However, a trial court should not refuse a discovery request and grant a motion to dismiss where it reasonably appears discovery might assist the party opposing the motion. *Yuretich v. Sole*, 259 Ill. App. 3d 311 (1994); *Senese v. Climatemp, Inc.*, 222 Ill. App. 3d 302, 320 (1991) (limited discovery will cast light on unclear portions of complaint). Especially where the facts are exclusively within the knowledge of the defendant, it may be error to deny discovery before ruling on a motion to dismiss. *Yuretich*, 259 Ill. App. 3d at 317; *John Burns Construction Co. v. City of Chicago*, 234 Ill. App. 3d 1027 (1992); *Cole Taylor Bank v. Corrigan*, 230 Ill. App. 3d 122, 127 (1992).

¶ 21    In this case, plaintiffs' complaint stated that certain information surrounding their employment and discharge had not yet been obtained. The missing information would have been contained in plaintiffs' personnel files and was exclusively within the Peoria Park District's knowledge. In light of these circumstances, the trial court's order allowing limited discovery would have been an appropriate remedy so long as it did not also dismiss the action.

¶ 22    In *Yuretich*, the executor of an estate filed suit against emergency medical technicians (EMTs) who responded to the scene of an accident. The trial court granted the defendants' motion to dismiss for failure to state a cause of action. The reviewing court held that it was error to dismiss the case before allowing discovery on the issue of willful and wanton misconduct of the EMTs because the necessary facts to survive dismissal, *i.e.*, treatment and care of the victim, were within the defendants' knowledge. *Yuretich*, 259 Ill. App. 3d at 313.

¶ 23    In *John Burns Construction Co.*, the trial court dismissed with prejudice a contractor's complaint against the City of Chicago to recover damages for a two-month delay in the commencement of work. Before the trial court and on appeal, the plaintiff argued that, with the aid of discovery, it could " 'define information that will lead us to the city's reckless indifference to our rights under this contract.' " *John Burns Construction Co.*, 234 Ill. App. 3d at 1033. In reversing the dismissal, the appellate court stated:

"We agree that this case should not be decided on the basis of the single pleading before us at this time. The precise reasons for the two-month delay in commencement of work under this contract are not within plaintiff's knowledge. Plaintiff is not required to allege facts with precision where the necessary information is within the defendant's knowledge

and plaintiff has not had the benefit of discovery. Plaintiff must be given the opportunity to have the benefit of discovery and further develop the facts in this case." *John Burns Construction Co.*, 234 Ill. App. 3d at 1034.

¶ 24 Here, the precise reasons plaintiffs were terminated are not within their knowledge. At this juncture, plaintiffs are not required to plead those facts specific to the park district's employment policy that are largely subjective and wholly within defendant's possession to avoid a dismissal. Thus, under Rule 201(b)(1), the trial court could have allowed limited discovery and stayed the dismissal until discovery was complete. The trial court's order allowing discovery was error because it ordered discovery *while* granting the motion to dismiss.