# Illinois Official Reports

## Appellate Court

***Prinova Solutions, LLC v. Process Technology Corp.*, 2018 IL App (2d) 170666**

| | |
|---|---|
| Appellate Court Caption | PRINOVA SOLUTIONS, LLC, Plaintiff-Appellee, v. PROCESS TECHNOLOGY CORPORATION LTD., Defendant (John Witterschein, d/b/a Process Technology, LLC, Respondent in Discovery-Appellant). |
| District & No. | Second District<br>Docket No. 2-17-0666 |
| Filed | March 23, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 14-L-1114; the Hon. Ronald D. Sutter, Judge, presiding. |
| Judgment | Certified question answered.<br>Cause remanded. |
| Counsel on Appeal | Sanjay Shivpuri, of Chuhak & Tecson, P.C., of Chicago, for appellant.<br><br>Jamie L. Burns, of Levenfeld Pearlstein, LLC, of Chicago, for appellee. |
| Panel | JUSTICE SPENCE delivered the judgment of the court, with opinion.<br>Presiding Justice Hudson and Justice Hutchinson concurred in the judgment and opinion. |

**OPINION**

¶ 1    This appeal presents us with the following certified question:

> "Can the respondent in discovery statute, 735 ILCS 5/2-402, operate in reverse, such that after a defendant has already been dismissed from the lawsuit, without prejudice, he may be converted into a respondent in discovery, and thereafter be converted to a defendant again?"

This issue was addressed by the First District of the appellate court in *Westwood Construction Group, Inc. v. IRUS Property, LLC*, 2016 IL App (1st) 142490, which held that such a scenario was permissible. We agree with the reasoning in that case and therefore answer the certified question in the affirmative.

## I. BACKGROUND

¶ 2

¶ 3    Plaintiff, Prinova Solutions, LLC (Prinova), filed a complaint on November 5, 2014, naming John Witterschein, d/b/a Process Technology, LLC, as the defendant. It alleged that it had purchased food blending and processing equipment from Witterschein that was defective. It alleged counts of breach of contract, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.

¶ 4    On March 9, 2015, Witterschein filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2014)). He alleged that the contract was between plaintiff and Process Technology Corporation Ltd. of Hong Kong, and that neither he nor his company (Process Technology, LLC) was named in it. Witterschein also filed a motion for Illinois Supreme Court Rule 137 (eff. July 1, 2013) sanctions and a motion to stay discovery. On May 21, 2015, the trial court granted Witterschein's motion to dismiss, without prejudice. It further granted Witterschein's motion to stay discovery and denied his motion for sanctions.

¶ 5    Prinova filed an amended complaint on July 27, 2015, against Process Technology Corporation Ltd., which was the Hong Kong company. It further named Witterschein as a respondent in discovery pursuant to section 2-402 of the Code (735 ILCS 5/2-402 (West 2014)) and issued interrogatories and document requests to him. On June 20, 2016, Witterschein filed an amended motion to dismiss and/or for a protective order. He argued that he could not be named as a respondent in discovery because he had previously been dismissed from the lawsuit.

¶ 6    Before the trial court had ruled on Witterschein's motion, the First District of the appellate court issued its decision in *Westwood Construction Group*, 2016 IL App (1st) 142490, which held that defendants in an original complaint who had been dismissed without prejudice could be designated as respondents in discovery in an amended complaint. One justice dissented.

¶ 7    Based on *Westwood Construction Group*, the trial court denied Witterschein's amended motion to dismiss on March 28, 2017. It stated, "[F]rankly, what [the court] felt was the law is not the law" and "the plaintiff can, in fact, name former defendants as respondents in discovery." It stated, "[the court] disagree[s], but *** there's no Second District case to the contrary."

¶ 8    The following month, Witterschein requested that the trial court certify the aforementioned question to allow him to file an interlocutory appeal under Illinois Supreme Court Rule 308

(eff. July 1, 2017). The trial court granted Witterschein's motion on August 1, 2017, and we granted his application for leave to appeal.

¶ 9                                II. ANALYSIS

¶ 10    Rule 308 allows for the permissive interlocutory appeal of an order involving "a question of law as to which there is substantial ground for difference of opinion" where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Ill. S. Ct. R. 308(a) (eff. July 1, 2017). A certified question under Rule 308 presents a question of law, which we review *de novo*. *Bowman v. Ottney*, 2015 IL 119000, ¶ 8.

¶ 11    This appeal also requires us to construe section 2-402; the construction of a statute is a question of law that we likewise review *de novo*. *Bueker v. Madison County*, 2016 IL 120024, ¶ 13. In construing a statute, our primary objective is to ascertain and give effect to the legislature's intent, which is best indicated by the statute's language, when given its plain and ordinary meaning. *Murphy-Hylton v. Lieberman Management Services, Inc.*, 2016 IL 120394, ¶ 25. We will not "depart from the plain statutory language by reading into the statute exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent." *In re Marriage of Goesel*, 2017 IL 122046, ¶ 13.

¶ 12    Section 2-402 provides:

    "The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

    Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.

    A person or entity named a respondent in discovery may upon his or her own motion be made a defendant in the action, in which case the provisions of this Section are no longer applicable to that person.

    A copy of the complaint shall be served on each person or entity named as a respondent in discovery.

    Each respondent in discovery shall be paid expenses and fees as provided for witnesses.

    A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." 735 ILCS 5/2-402 (West 2014).

The statute further requires that the plaintiff serve the respondent with a copy of the complaint and a summons. *Id.*

¶ 13    As stated, the First District of the appellate court addressed the issue presented here in *Westwood Construction Group*. In that case, the plaintiffs filed a complaint against five defendants, and the trial court dismissed the complaint against all of them, without prejudice. *Westwood Construction Group*, 2016 IL App (1st) 142490, ¶ 1. The plaintiffs then filed an

amended complaint that named three of the previously-dismissed defendants as respondents in discovery under section 2-402. *Id.* These three parties filed motions to dismiss them as respondents in discovery, and they sought sanctions. *Id.* They argued that section 2-402 allowed a person to designate a party as a respondent in discovery and later convert the party into a defendant, but did not allow a previously-named defendant to be designated as a respondent in discovery in an amended complaint. *Id.* ¶ 6. The trial court granted the motions to dismiss with prejudice but denied sanctions. *Id.* ¶ 7. The plaintiffs appealed the grant of the motions to dismiss, and the respondents appealed the denial of sanctions. *Id.*

¶ 14    The appellate court explained that section 2-402, though applicable to all civil actions, was enacted to give medical malpractice plaintiffs a means to avoid naming numerous defendants. *Id.* ¶ 13. It allows a plaintiff to name as respondents in discovery parties whose culpability cannot be determined at the time the complaint is filed, and it gives the plaintiff the means to collect discovery from those parties to determine if they should be added as defendants. *Id.* ¶¶ 13-14. It also can help the respondents avoid the burden of being unnecessarily named as defendants *Id.* ¶ 13. A plaintiff has six months from the naming of a respondent in discovery to convert him to a defendant, but the plaintiff can receive a one-time, 90-day extension for good cause. *Id.* ¶ 15. To convert the respondent to a defendant, the plaintiff must seek leave of the court and cite evidence that shows probable cause for such action. *Id.*

¶ 15    The court held that nothing in section 2-402's plain language prevented the designation of a former defendant as a respondent in discovery in an amended pleading. *Id.* ¶ 17. It reasoned that the statute "contains no limitation as to when or in what sequence a plaintiff may designate a person or entity as a respondent in discovery" and that the "only limitation is that the designated persons or entities be 'believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the [action].' " *Id.* (quoting 735 ILCS 5/2-402 (West 2012)). It reasoned that if the legislature had intended to restrict the designation of a respondent in discovery, such as to the initial filing, it would have done so. *Id.* The court stated that in "the absence of a prior dismissal with prejudice" the "unconventional pleading sequence" was not precluded. *Id.* ¶ 18. The court found premature the respondents' argument that the plaintiffs' actions showed bad faith, stating that the plaintiffs would be required to comply with section 2-402 and that, at the conclusion of the period set forth in the statute, the respondents could request "appropriate relief" in the trial court if they continued to believe that the plaintiffs had not complied with statutory or ethical pleading requirements. *Id.* ¶ 19.

¶ 16    Justice Hyman dissented from the majority's interpretation of section 2-402, stating that it "does violence to its language, thwarts legislative intent, and enables the plaintiffs here—and future plaintiffs—to use the 'respondent-in-discovery' process in a way that would be highly injurious to civil litigation." *Id.* ¶ 30 (Hyman, P.J., dissenting). Justice Hyman first stated that the phrase "other than the named defendants" (735 ILCS 5/2-402 (West 2012)) showed that the legislature envisioned respondents in discovery as a wholly separate group from the named defendants in the action, and since the respondents were named defendants in the original action, this clause should apply to them. *Id.* ¶¶ 32-35. Second, Justice Hyman stated that the purpose of section 2-402 was to allow a plaintiff to determine who should be sued, whereas the plaintiffs in the case at issue had already determined that the respondents should be sued. *Id.* ¶ 36. Third, Justice Hyman stated that the respondents were not properly served under section 2-402. *Id.* ¶ 38. He further stated that section 2-402 contemplated a linear process, where a

respondent in discovery might be named as a defendant. *Id.* ¶ 41. Justice Hyman stated that the plaintiffs had used section 2-402 "backward" from the way the legislature intended and that allowing a plaintiff to keep a defendant " 'on the hook' " could lead to "unintended mischief." *Id.* ¶¶ 41-42. Witterschein argues that Justice Hyman's points are valid and that we should adopt his reasoning.

¶ 17    Citing *Allen v. Peoria Park District*, 2012 IL App (3d) 110197, Witterschein further argues that, under Illinois common law, a plaintiff is not permitted to conduct discovery to determine if he can discover a cause of action. In *Allen*, the reviewing court held that, where the plaintiffs' complaint had been dismissed and they had not filed an amended complaint, the trial court erred in allowing them to conduct discovery to determine if they could find a cause of action. *Id.* ¶ 14. It stated that the plaintiffs sought "discovery to determine whether a wrong occurred, not who committed a known wrong" (*id.* ¶ 12) and that they could not file a faulty complaint and use discovery as a basis to see if the defendant did something tortious (*id.* ¶ 14). The court noted that filing a complaint without a factual basis was both improper and sanctionable as a matter of law. *Id.*

¶ 18    Witterschein argues that the trial court has the discretion to stay discovery pending a ruling on a motion to dismiss (see *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 381 (2004)) and that discovery is stayed when a complaint is dismissed without prejudice. He argues that, because the common law holds that discovery is not allowed against a defendant after he has been dismissed, section 2-402 is in derogation of the common law, and thus the statute cannot be construed as changing the common law beyond what the statutory language expresses or necessarily implies. See *Williams v. Manchester*, 228 Ill. 2d 404, 419 (2008) (citing latter principle). Witterschein argues that section 2-402's language allows a plaintiff to convert a respondent in discovery into a defendant if there is sufficient evidence for a cause of action against the respondent, and it allows a respondent in discovery to convert himself into a defendant. Witterschein argues that nowhere does the statute allow a plaintiff to convert a defendant into a respondent in discovery, particularly after the action against the defendant has been dismissed. He maintains that the procedural aspects of the statute support this position, as they require that a complaint and summons be served on a respondent in discovery, which would have already occurred if that party had initially been named as a defendant. Witterschein argues that we should not presume that the legislature intended the absurd action of serving the same person in the same case with two summonses. According to Witterschein, the statute contemplates a linear process where a respondent might become a defendant, whereas Prinova has used the statute in reverse.

¶ 19    Witterschein further argues that, if a defendant is dismissed pursuant to section 2-615, it means that the plaintiff did not plead sufficient facts to state a claim for relief. He maintains that, if a plaintiff is then permitted to seek those same facts through discovery under section 2-402, it undermines Rule 137 and case law requiring that a plaintiff investigate a potential case and file suit only if the facts and the law reveal an objectively reasonable basis for doing so. See *Kellett v. Roberts*, 276 Ill. App. 164, 172 (1995) ("Rule 137 requires litigants and their attorneys to conduct an inquiry into the facts and the law before filing a pleading and to certify that the pleading is well-grounded in fact and in law, or that a good-faith argument exists for the extension, modification, or reversal of the existing law."). Witterschein argues that this precise scenario occurred here and that, if Prinova could not obtain facts to sue him without resorting to discovery first, it never should have sued him in the initial complaint.

Witterschein contends that section 2-402 was meant only for determining whether a party was the correct defendant in a medical malpractice case, not for engaging in a fishing expedition in a commercial case to determine if there was something a nonparty could be sued for.

¶ 20 Witterschein adds that, if a plaintiff is permitted to convert a dismissed defendant into a respondent in discovery, it opens the door to a cycle in which a defendant is dismissed, converted into a respondent in discovery, converted back into a defendant, and again dismissed. Witterschein argues that the cycle can continue until a defendant is forced to settle to avoid the harassment and litigation expense. He contends that the "unintended mischief" that Justice Hyman warned about has occurred here, as Prinova has made no attempt to serve the named defendant, despite the passage of years, showing that the entire litigation is just an exercise in pursuing him when no case against him exists. Witterschein argues that section 2-402's purpose is to determine "who should properly be named" in the action. He further contends that, because this is a breach of contract action, the correct defendant is the other party to the contract (see *Wilde v. First Federal Savings & Loan Ass'n of Wilmette*, 134 Ill. App. 3d 722, 731 (1985)), namely, Process Technology Corporation Ltd.

¶ 21 Last, Witterschein argues that "reversing" the respondent in discovery statute violates the Illinois Constitution. He argues that it violates the equal protection clause because it creates two classes of defendants: a sole defendant would have his case terminated after a section 2-615 dismissal, whereas a dismissed defendant in a case with multiple defendants could be converted into a respondent in discovery. Witterschein asserts that "reversing" the statute would also violate his rights to substantive and procedural due process, as he has the right to be dismissed from the litigation if Prinova does not have sufficient facts and a legal basis on which to sue him.

¶ 22 Prinova, for its part, argues that *Westwood Construction Group* was correctly decided. Prinova points out that, just as in that case, its case against Witterschein was dismissed without prejudice, and it was granted an opportunity to file an amended pleading. It argues that, contrary to Witterschein's assertion that a former defendant cannot be named as a respondent in discovery, no such limitation is present in the statute. Prinova maintains that the only limitation is that the designated respondent be "believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action" (735 ILCS 5/2-402 (West 2014)), and here Prinova believes that Witterschein possesses such information. Prinova argues that its allegations show that Witterschein was its only contact for the transaction and that it is proper to gather information from him to determine whether there is any basis to name any additional defendants in its action. Prinova argues that this is particularly relevant given that Witterschein was dismissed without prejudice.

¶ 23 Prinova maintains that, although Witterschein argues that the statute's purpose is to allow medical malpractice plaintiffs to conduct discovery, section 2-402's plain language states that a plaintiff may designate respondents in discovery "in any civil action." 735 ILCS 5/2-402 (West 2014). Prinova argues that Witterschein's discussion of when discovery is stayed with respect to a defendant is comparing apples to oranges, as "a lawsuit naming an individual as a respondent in discovery is not an action against that individual and the individual is not a party to that action." *Delestowicz v. Labinsky*, 288 Ill. App. 3d 637, 639 (1997). Prinova argues that it is attempting to issue discovery to Witterschein not as a party to the lawsuit but rather as a respondent in discovery to determine who should be named as an additional defendant, which

is precisely the statute's purpose. Prinova contends that, contrary to Witterschein's assertion that the trial court already determined who should be sued, the trial court dismissed its initial complaint without prejudice, declining to hold that Prinova could never state a cause against Witterschein (or anyone else).

¶ 24    Prinova further argues that Witterschein's constitutional arguments are without merit, as section 2-402 can never be used by a plaintiff seeking to sue only one party, so it makes no difference whether Witterschein was previously dismissed from the case. Prinova argues that, if it had filed an entirely new case naming Process Technology Corporation Ltd. as the defendant and Witterschein as the respondent in discovery—which it would have been entitled to do since its complaint was dismissed without prejudice—Witterschein could not make his argument without calling the constitutionality of the statute as a whole into question.

¶ 25    Witterschein replies that there are two red flags in Prinova's response. Witterschein argues that the first red flag is that Prinova does not dispute that it is not pursuing the named defendant in the case, showing that the defendant is being used as a placeholder so that Prinova can pursue Witterschein. Witterschein maintains that Prinova's actions are an abuse of the judicial process that violates the spirit and text of Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) (reasonable service) and Rule 137 (eff. July 1, 2013). Witterschein asserts that the second red flag is that Prinova does not argue that it does not know whom to sue for the breach of contract. Witterschein argues that, although Prinova points out that the trial court dismissed him without prejudice, that is not the same as Prinova asserting that it needs discovery to determine whom to sue. Witterschein argues that Prinova is instead using section 2-402 to seek facts on which to sue him again.

¶ 26    We agree with the majority's analysis in *Westwood Construction Group* that nothing in section 2-402's plain language precludes a party who was previously named as a defendant and dismissed without prejudice from being named as a respondent in discovery in an amended complaint. Although section 2-402 was enacted to fill a role in medical malpractice cases, it applies to "any civil action." 735 ILCS 5/2-402 (West 2014). A plaintiff may name as a respondent in discovery anyone "other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action," and when Prinova filed its amended complaint, Witterschein was not a named defendant. *Id.*

¶ 27    Witterschein's emphasis on a "linear process" behind section 2-402 is misplaced. It is true that in a typical scenario, a respondent in discovery would be converted into a defendant, rather than a previously-dismissed defendant being named as a respondent in discovery. See *Westwood Construction Group*, 2016 IL App (1st) 142490, ¶ 18 (referring to latter scenario as an "unconventional pleading sequence"). However, as the *Westwood Construction Group* court pointed out, the statute "contains no limitation as to when or in what sequence a plaintiff may designate a person or entity as a respondent in discovery." *Id.* ¶ 17. If the legislature had intended to limit respondents in discovery to parties who had never been named defendants, it could have done so. See *id.* Further, we find unavailing the concerns about a perpetual cycle where a party is named as a defendant and a respondent in discovery, because a respondent in discovery can always self-convert to a defendant (see 735 ILCS 5/2-402 (West 2014)) and then seek a dismissal with prejudice. See *Flores v. St. Mary of Nazareth Hospital*, 149 Ill. App. 3d 371, 375 (1986) (if a respondent in discovery chooses to exercise the right to be made a defendant upon his own motion, a plaintiff loses all advantages afforded by section 2-402).

The respondent also can seek sanctions under Rule 137 or other "appropriate relief" (see *Westwood Construction Group*, 2016 IL App (1st) 142490, ¶ 19) if warranted.

¶ 28 We find this case distinguishable from *Allen* because that case did not involve a respondent in discovery. Further, in *Allen*, the plaintiffs were using "discovery to determine whether a wrong occurred, not who committed a known wrong" (*Allen*, 2012 IL App (3d) 110197, ¶ 12), which is clearly a fishing expedition, whereas here Prinova has clearly alleged a wrong in the form of defective processing equipment. It may use section 2-402 to assist in determining who should properly be named as additional defendants. Witterschein asserts that the only proper defendant is Process Technology Corporation Ltd. because it was the other party to the contract. However, as Prinova points out, Witterschein was dismissed without prejudice. Prinova could also add causes of action beyond those rooted in breach of contract.

¶ 29 Last, we conclude that Witterschein's constitutional arguments are without merit. His position that "reversing" section 2-402 would violate the equal protection clause, because it would create two classes of defendants, is unavailing. "The equal protection clause guarantees that similarly situated individuals will be treated in a similar manner, unless the government can demonstrate an appropriate reason to treat those individuals differently." *In re M.A.*, 2015 IL 118049, ¶ 24. Witterschein argues that there are two classes at issue here: sole defendants who have their cases terminated after section 2-615 dismissals and multiple defendants who could be converted into respondents in discovery. However, a sole defendant may not have his case terminated if the dismissal was without prejudice. Indeed, Witterschein himself was a sole defendant in Prinova's initial complaint, and that did not immunize him from being named as a respondent in discovery in the amended complaint. Thus, Witterschein has not sufficiently explained how similarly situated individuals are being treated differently under section 2-402.

¶ 30 Witterschein's due process arguments also fail. Witterschein argues that he has procedural and substantive due process rights to be dismissed from the litigation and not be subject to further discovery if Prinova does not have the facts or law on which to sue him. Procedural due process claims involve the constitutionality of the procedures employed to deny a person's life, liberty, or property. *In re J.R.*, 341 Ill. App. 3d 784, 795 (2003). Conversely, in a substantive due process challenge to a statute, the threshold question is whether the statute restricts or regulates a fundamental right, which will determine whether we apply a strict-scrutiny or rational-basis test. *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 28. Even if, assuming *arguendo*, the right to be dismissed from litigation were a fundamental right, section 2-402 would not impede this right here, as Witterschein was dismissed without prejudice, meaning that he could again be named in the litigation, and Witterschein could always self-convert to a defendant and again be dismissed. Although Witterschein raises the specter of a harassing cycle of continuously being named as a respondent in discovery, appropriate relief could be sought to avoid such a scenario. See *supra* ¶ 27.

¶ 31                                          III. CONCLUSION

¶ 32 For the foregoing reasons, we answer the certified question of the Du Page County circuit court in the affirmative, and we remand the cause for further proceedings consistent with this opinion.

¶ 33 Certified question answered.

¶ 34        Cause remanded.